■ MARINE MIDLAND BANK, N. A., Respondent, v NORTHEAST KAWASAKI, INC., et al., Defendants, and GEORGE E. COON, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Levine, J.), entered April 5, 1982 in Saratoga County, which granted plaintiff's motion for summary judgment, dismissed defendants' answers and counterclaims, and ordered that plaintiff have judgment of foreclosure and sale. Plaintiff Marine Midland Bank, N. A. (Marine Midland) took a mortgage secured by a note in the sum of $45,000 from defendant Northeast Kawasaki, Inc. (Kawasaki), in March of 1973. In December, 1977, Kawasaki entered into a lease with defendant George E. Coon, Inc. (Coon), which gave Coon an option to buy. In January of 1979, Coon exercised its option to purchase Kawasaki's property and Marine Midland, on January 12, 1979, issued a commitment letter approving a request by Coon to assume the existing mortgage.* The mortgage commitment expired on July 15, 1979 without any closing taking place. After the mortgage was 14 months delinquent, Coon met with a mortgage officer of Marine Midland and paid $4,056.04 in past due interest on December 21, 1979. Coon continued to make monthly payments to Marine Midland until July, 1980, at which time further payments were refused as insufficient to make the account current. The instant action for foreclosure was commenced by Marine Midland in September of 1980. Marine Midland subsequently moved for summary judgment of foreclosure and sale against four of the defendants. The motion was denied because of Marine Midland's failure to move against defendant Coon, the record owner of the property in question. The motion was resubmitted with Coon joined and summary relief was granted. This appeal by defendant Coon ensued. Coon's principal argument for reversal is that the payment of $4,056.04 in overdue interest payments in December, 1979 and the subsequent monthly installments were made in accordance with an oral modification of the mortgage agreed to by an officer of Marine Midland. Since Coon is unable to produce any written instrument or writing evincing a modification of the mortgage and the statement to the contrary in its opposing affidavit is inconsistent with the bank's records, we are compelled to rely upon section 5-705 of the General Obligations Law which requires a writing when a grantee assumes a mortgage, including an extension or modification thereof. Further, we reject Coon's argument that its continued monthly payments on the mortgage principal until July, 1980 be regarded as part performance of an oral

---

* A deed from Kawasaki to Coon was recorded on December 21, 1979, but title to the property is unsettled and is the subject of another action.

agreement so as to avoid the consequences of the Statute of Frauds. Coon was already obligated by the terms of its lease agreement with Kawasaki to make the mortgage payments directly to the bank. Thus, the continued payments made by Coon to Marine Midland could not be "unequivocally referable" to the alleged oral agreement with the bank's officer so as to constitute part performance within the meaning of the Statute of Frauds (*Burns v McCormick,* 233 NY 230, 232; *Gilligan v Rehm,* 34 AD2d 711, mot for lv to app den 27 NY2d 485). Accordingly, we conclude that Coon has failed to produce evidentiary proof in admissible form of any mortgage modification or to demonstrate any acceptable proof for the failure to do so (*Zuckerman v City of New York,* 49 NY2d 557, 562). Lastly, we reject Coon's contention that the acceptance by Marine Midland of unpaid interest and monthly payments thereafter constituted a waiver of the bank's right to seek foreclosure. When the bank, in July, 1980, refused to accept further monthly payments on the ground that such installments would not make the mortgage debt current, it acted pursuant to the terms of the mortgage executed by Coon's grantor and that instrument expressly permitted foreclosure at any time in the event of a default in payments. Order affirmed, with costs. Mahoney, P. J., Sweeney Main, Mikoll and Yesawich, Jr., JJ., concur.