■ Ranjit Ghura, Respondent, v Islip Resource Recovery Agency, Appellant, et al., Defendant.—In an action for a judgment declaring that the plaintiff is entitled to purchase the subject property, for injunctive relief and for damages for breach of an agreement to convey title, the defendant agency appeals from so much of an order of the Supreme Court, Suffolk County (Murphy, J.), dated November 8, 1984, as denied its cross motion for judgment in its favor.

Order reversed insofar as appealed from, on the law, with costs, by deleting the provision denying the defendant agency's cross motion to dismiss the complaint, and substituting therefor a provision granting the cross motion to the extent that it is declared that there is no enforceable agreement between the parties for the sale of the subject property.

The plaintiff seeks to compel the defendant agency to enter into a contract for the sale of a parcel of land based on the agency's alleged oral acceptance of the plaintiff's bid for the property and subsequent negotiations between the parties. The documents in the record indicate that a written contract was contemplated, subject to the approval of the agency's board of directors. No written contract was signed by the

parties, and the parties were not in agreement as to the terms of the contract when the agency terminated negotiations. Thus, there is no enforceable contract between the parties *(see, Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410).

The plaintiff nevertheless argues that the court may enforce the alleged oral contract based on his part performance thereof. Although a court of equity may give effect to an oral contract where there have been acts of part performance " 'unequivocally referrable' " to the agreement *(see, Geraci v Jenrette,* 41 NY2d 660, 666-667, quoting from *Burns v McCormick,* 233 NY 230, 232), here the plaintiff failed to establish that there was an oral contract. Such equitable relief is not warranted where the acts of reliance claimed by the plaintiff are nothing more than those that occur in the usual situation of parties who orally agree and intend to make a written contract in the future *(see, Beck v New York News,* 92 AD2d 823, *affd* 61 NY2d 620). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.