■ BRESLIN REALTY DEVELOPMENT CORP., Appellant, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents.—In an action for specific performance of a contract for the purchase of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated February 25, 1988, which granted the defendants' motion to dismiss the complaint as barred by the Statute of Frauds.

Ordered that the order is affirmed, without costs or disbursements.

During the fall of 1986, the defendants Cacciatore, DiCostanzo, Smith and Cohen, members of the Board of Trustees (hereinafter the Board) of the defendant Village of Freeport (hereinafter the Village), "did by public invitation and solicitation invite public offers for the purchase and development" of certain realty in the Village of Freeport, i.e., the Freeport Municipal Stadium. In response to this public invitation, the plaintiff timely submitted a written proposal to purchase and develop the subject premises for $2,500,000. By letter dated February 27, 1987, the defendant Storm, the Mayor of the defendant Village, wrote to the plaintiff stating that at the meeting of the Board on February 23, 1987, the Board had approved the plaintiff's "submitted proposal for development of the Freeport Stadium parcel in the amount of $2,500,000". After several months of unsuccessful negotiations between the parties with respect to the execution of a formal contract, the Board, at its meeting of August 31, 1987, voted affirmatively on a motion to break off negotiations with, and rescind its award to, the plaintiff.

In this action by the plaintiff for specific performance, the defendants moved to dismiss the complaint on the ground that the alleged agreement violated the Statute of Frauds, i.e., it was not "in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing" (General Obligations Law § 5-703 [2]). In opposition to the defendants' motion, the plaintiff argued, *inter alia*, that the Board's invitation to bid, the plaintiff's acceptance thereof, and the Mayor's signed letter dated February 27, 1987, taken together, satisfied the Statute of Frauds. The Supreme Court granted the defendants' motion and dismissed the complaint. We agree with the Supreme Court's determination.

It is well settled that: "Subdivision 2 of section 5-703 of the General Obligations Law requires contracts covering real

property to be in writing but a contract for the sale of property will not be void if evidenced by a sufficient written note or memorandum subscribed by the party to be charged. * * * If the memorandum is to prove the agreement, it must * * * state all the essential and material terms of the agreement *(Villano v G & C Homes,* 46 AD2d 907; cf. *Birnhak v Vaccaro,* 47 AD2d 915, 916). If it does so, the fact that it provides for the subsequent execution of a more formal writing which is not done, will not impair its effectiveness *(Lashway v Sorell,* 51 AD2d 97, 98). * * * On the other hand, a provision or undertaking in the memorandum that a more formal contract is to be executed later, when coupled with the fact that material terms have been omitted or left for future negotiation and settlement, renders the memorandum insufficient. In such a case, it is clear that the parties did not intend the memorandum to evidence their complete or final agreement" *(Read v Henzel,* 67 AD2d 186, 188-189; *see also, Willmott v Giarraputo,* 5 NY2d 250).

In the case at bar, the defendants' "PUBLIC INVITATION FOR DEVELOPMENT PROPOSAL OF FREEPORT MUNICIPAL STADIUM SITE" (hereinafter Public Invitation) which was accepted by the plaintiff, clearly contemplated the parties' execution of a formal contract in the future by providing, *inter alia:* "All proposals must include a narrative statement as to available financing and financial ability of the developer *to enter into contract* within sixty (60) days of an acceptance of the proposal and further contingent upon the developer's ability to post a ten percent (10%) deposit of the proposal price *at the signing of the contract"* (emphasis supplied). Moreover, there were material terms which were left for future negotiations between the parties. The Public Invitation specifically stated that "the instruments of conveyance will contain restrictive covenants limiting the use of the parcel to the uses contained in the proposal" and that "[s]aid covenants will also contain rights of reversion in the event restrictive covenants are breached". The record indicates that for a period of approximately four months, the parties exchanged drafts of a formal contract containing various proposals with respect to restrictive covenants and rights of reversion. This exchange constitutes further evidence that the parties did not intend to be bound until the signing of a formal contract *(see, Monaco v Nelson,* 121 AD2d 371). Under these circumstances, the complaint was properly dismissed. Mangano, J. P., Eiber and Kooper, JJ., concur.

Bracken, J., dissents and votes to reverse the order appealed

from, with costs, and to deny the motion in the following memorandum in which Kunzeman, J., concurs. There is no basis upon which to grant summary judgment in favor of the defendants. The Statute of Frauds (General Obligations Law § 5-703 [2]) requires only that the "essential" terms of the parties' agreement be reflected in a written memorandum. The majority recognizes this principle, but holds that at least one essential term has been omitted from the various documents which collectively constitute the "memorandum" at issue in this case. Specifically, the majority holds that the parties' failure to specify, in writing, the precise content of the restrictive covenants which were to be contained in the deed constitutes the omission of a term which must, as a matter of law, be considered essential. I disagree.

The original bid specified that the purpose of the restrictive covenants at issue would be to limit "the use of the parcel to the uses contained in the proposal to the extent said proposal is approved by the Board of Trustees". In its written proposal, the plaintiff clearly stated that it would develop and use the property as a "neighborhood shopping center". This proposal was accepted without any qualification.

In my view, it might well be inferred from the evidence in the present record that in providing as to how the subject property was to be used, the defendants considered it essential only to agree in general terminology that the property would be developed as described in the plaintiff's bid, that is, as a "neighborhood shopping center". There is little to warrant the inference, much less the holding as a matter of law, that the defendants considered other matters, such as the number of stores, the size of the stores, the type of stores, etc., to be essential. There is, in other words, a distinct issue of fact as to whether the defendants considered it essential to define the prospective use of the property with any degree of specificity greater than that reflected by the term "neighborhood shopping center". A trier of fact could conclude, with ample justification, that such precision was not intended by the defendants to be essential to the enforceability of the contract (see generally, Guzzo v Easterntech Elecs., 86 AD2d 717 [mixed question of law and fact as to whether term of contract was intended to be "essential"]) and that their insistence on such precision now is a product of their desire to cancel the contract for ulterior reasons.

I believe that all those terms which are properly considered essential to this contract were, in fact, set forth in writing. I

see no basis upon which to grant summary judgment to the defendants.