■ EDWARD TETZ, JR., Respondent, v FRANCES M. SCHLAIER et al., Appellants.—In an action, *inter alia,* to compel the specific performance of a contract for the sale of real property, the defendants separately appeal from an order of the Supreme Court, Orange County (Ingrassia, J.), dated February 2, 1989, which granted the plaintiff's motion for summary judgment in his favor granting specific performance and denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The contract of sale, drafted by the defendant Frances Schlaier, a professional real estate broker, on behalf of herself and Gustav Schlaier (hereinafter the sellers), was a three-page document containing 24 paragraphs, and provided for a purchase price of $225,000, consisting of a $1,000 deposit, and an additional $49,000 in cash to be paid at the closing, with the $175,000 balance to be paid over a period of seven years at 12% interest. Paragraph 23 of the contract states "release clause to be agreed upon by attorneys of buyer and sellers". The sellers maintain that the contract does not satisfy the

Statute of Frauds, since the negotiations conducted pursuant to paragraph 23 may effect the mortgage payment structure. We disagree.

The instrument satisfies the Statute of Frauds. It designates the parties, identifies and describes the subject matter and states all the essential and material terms of the agreement *(see, Rodman v Aivagedis,* 123 AD2d 429; *Read v Henzel,* 67 AD2d 186). The determination of whether an instrument satisfies the Statute of Frauds is based solely on the language in the document itself, without consideration of parol evidence *(see, Bazak Intl. Corp. v Mast Indus.,* 73 NY2d 113, 118; *Jill Real Estate v Smyles,* 150 AD2d 640, 641). While it is true that issues related to a mortgage are often deemed material *(see, Willmott v Giarraputo,* 5 NY2d 250), the sparse provisions of paragraph 23 cannot serve to render the agreement unenforceable, since the agreement sets forth a cognizable formula by which the purchase price can be readily ascertained *(see, Jill Real Estate v Smyles, supra; Dahm v Miele,* 136 AD2d 586). Inasmuch as matters to be negotiated pursuant to paragraph 23 concern fine details, they may still be decided by the parties without effecting the viability of the contract *(see, Lashway v Sorell,* 51 AD2d 97).

Our decision would be unchanged, even if parol evidence could be considered. The sellers assert that their security interest in the property will be imperiled if the buyer is permitted to carry out his intentions of mining and removing large quantities of gravel and sand from the premises. As the Supreme Court astutely observed, to the extent the mining would unduly jeopardize the sellers' interests, they could seek to enjoin such conduct, as it would constitute waste. Thus, the satisfaction of the provisions of paragraph 23 are unnecessary to protect the sellers and are solely for the benefit of the buyer. This being the case, he may waive his rights thereunder and accept performance of the contract *(see, Kneisser v Koutsoupakis,* 148 AD2d 420; *Satterly v Plaisted,* 52 AD2d 1074, *affd* 42 NY2d 933). Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.