■ BARRY FELDMAN et al., Appellants, v STEPHEN G. MILLER, as President of the Board of Education of Sewanhaka Central High School District, et al., Respondents.—In a action for a judgment declaring valid and enforceable a purported contract for the sale of a former school site, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), entered August 14, 1989, which, upon granting the defendants' motion for summary judgment dismissing the complaint in an order of the same court dated August 4, 1989, is in favor of the defendants and against them. The plaintiffs' notice of appeal from the order dated August 4, 1989, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In a response to the defendants' request for proposals, the appellants were selected as the potential vendees of a parcel of realty formerly used as a school site. Among the terms of the request for proposals were the following:

"In the event that an offer, after negotiations, is acceptable to the Board, it shall not be deemed a binding commitment on the Board unless and until * * * a written contract of sale * * * is executed by the Board * * *.

"No proposal for sale will be entertained unless it offers minimum cash down payment upon execution of the contract of 10% of the purchase price".

Upon being selected, the appellants were informed that within 30 days of the approval of their plans, a contract for the sale of the site would have to be entered into, or the defendants would have the right to cease negotiations "for any reason whatsoever". The appellants' plans were in fact approved, and negotiations for a sale began. On July 12, 1988, the defendants approved the contract in final form, which was subsequently submitted to the appellants for execution on July 22, 1988. On July 27, 1988, the appellants returned executed duplicate originals of the contract to the defendants. Numerous modifications and additions had been made to the agreement's terms, including (1) the deletion of the requirement that the 10% down payment be by check subject to collection, and (2) the insertion of a requirement that the down payment be by letter of credit conditioned upon closing. In addition, the appellants inserted a requirement that the defendants would be liable for interest on the down payment in the event they were unable to convey title. Finally, the appellants omitted that terms of the agreement providing that "the time of the Closing shall be of the essence as against Purchaser".

At its August 1, 1988, meeting, the defendants decided to cease all negotiations with the appellants, based upon the fact that the time period in which to enter into a written contract had expired.

The trial court properly concluded that no contract had ever been entered into between the parties. The record clearly demonstrates that the defendants never intended to be bound by the agreement unless and until they executed it in writing, and further, that there was no agreement as to several of the terms of the proposed contract (see, Patrolmen's Benevolent Assn. v City of New York, 27 NY2d 410; Scheck v Francis, 26 NY2d 466; Ghura v Islip Resource Recovery Agency, 122 AD2d 106; Apostle v Kac, 113 AD2d 912). In addition, enforcement of the purported "agreement" reached between the parties would be barred by the Statute of Frauds (see, General Obligations Law § 5-703 [2]; Breslin Realty Dev. Corp. v Incorporated Vil. of Freeport, 155 AD2d 576; cf., Crabtree v Arden Sales Corp., 305 NY 48; cf., Lashway v Sorell, 51 AD2d 97, 98; cf., Church of God v Fourth Church of Christ, Scientist, 76 AD2d 712, 715, affd 54 NY2d 742).

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.