■ DANIEL R. WACKS, Respondent, v G. HEATH KING, Individually and as Trustee of the G. HEATH KING TRUST, Appellant. [689 NYS2d 298] —Crew III, J. Appeal from an order of

the Supreme Court (Dier, J.), entered July 23, 1998 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

At all times relevant to this appeal, defendant was the owner of certain real property located in the Town of Bolton, Warren County. In early 1995, plaintiff learned that defendant's property was for sale and negotiations to purchase the property ensued. To that end, plaintiff executed a "residential real estate contract" on or about May 14, 1995 and forwarded the document to defendant. Prior to signing the document on or about June 12, 1995, defendant, insofar as is relevant to this appeal, deleted certain language from paragraph No. 5 (c) (i) of the document relating to substitute security for the mortgage, changed the date by which plaintiff would be required to notify defendant of any problems or defects revealed by an inspection of the property, changed the date for the closing and attached schedule C, which contained a list of items to be excluded from the sale. In response thereto, plaintiff initialed the change made to the closing date, altered the "inspection contingency" date, modified the language governing the substitute security for the mortgage and removed the pool table from the list of schedule C items not included in the sale. Plaintiff then countersigned the document on or about June 16, 1995 and returned it to defendant.

Approximately one month later, defendant conveyed the subject parcel to a third party,* prompting plaintiff to commence this action seeking, *inter alia*, the return of his deposit and lost profits. Defendant answered and raised the Statute of Frauds as an affirmative defense. Supreme Court denied defendant's subsequent motion for summary judgment dismissing the complaint finding, *inter alia*, that the writing signed by the parties satisfied the Statute of Frauds. This appeal by defendant ensued.

We affirm. General Obligations Law § 5-703 (2) provides, in relevant part, that a contract for the sale "of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged". To that end, the underlying instrument "must designate all parties, identify and describe the subject matter and state all of the essential terms of a complete agreement" (*Conway v Maher*, 185 AD2d 570, 572). Where, as here, the subject matter of the agreement is real property, "the writing must 'describe the property

---

* Defendant apparently sold the property to this third party for $525,000—$115,000 above the purchase price offered by plaintiff.

involved with such definiteness and exactness as will permit it to be identified with reasonable certainty' " (*id.*, at 572, quoting *Barber v Stewart*, 275 App Div 429, 430). Finally, "[t]he determination of whether an instrument satisfies the Statute of Frauds is based solely on the language in the document itself, without consideration of parol evidence" (*Tetz v Schlaier*, 164 AD2d 884, 885).

Here, the instrument in question, *inter alia,* identifies the relevant parties (defendant as seller and plaintiff as buyer), describes the property in question and attaches as schedules A and B the relevant deeds thereto, sets forth the purchase price ($410,000) and the method of payment ($10,000 deposit, $90,000 due at closing and a $310,000 purchase money note and mortgage), and provides for the payment of applicable taxes. Under such circumstances, we cannot say that the document executed by the parties fails to comply with the Statute of Frauds (*see, id.,* at 885; *compare, O'Brien v West*, 199 AD2d 369; *Feldman v Miller*, 168 AD2d 597).

While it is true, as defendant asserts, that "the terms and conditions of a mortgage subject to which a purchaser is to take title to real property are essential and material elements of the contract" (*Read v Henzel*, 67 AD2d 186, 189), the parties' apparent disagreement as to the type of substitute security that would be acceptable does not entitle defendant to summary judgment based upon the Statute of Frauds. The document signed by plaintiff and defendant indeed specified the terms of the mortgage to be given (*compare, O'Brien v West, supra* [memorandum made no reference to mortgage given to secure debt]; *Rohrwasser v Al & Lou Constr. Co.*, 82 AD2d 1008 [amount of money required for mortgage left blank]; *Read v Henzel, supra* [terms of mortgage left open]), including the interest rate and amortization and payment periods (*see, Tetz v Schlaier*, 164 AD2d 884, *supra; cf., Lashway v Sorell*, 51 AD2d 97, *appeal dismissed* 39 NY2d 799). To the extent that defendant alternatively contends that the underlying agreement cannot constitute a binding contract because there was no "meeting of the minds" on the issue of substitute security, defendant failed to tender sufficient proof in support of his motion to entitle him to judgment as a matter of law on this point.

Defendant's remaining contentions have been examined and found to be lacking in merit. Accordingly, Supreme Court's order is affirmed.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.