Scott MacKenzie, Appellant, v Donald MacKenzie et al., Respondents. [787 NYS2d 457]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 9, 2003 in Essex County, which, inter alia, partially granted defendants' motion to dismiss the complaint.

In this action for specific performance, defendant Donald MacKenzie (hereinafter defendant) testified at trial that he had expressed his willingness to sell a cottage to his sons and set $80,000 as the purchase price. It was undisputed that plaintiff, one of defendant's sons, thereafter tendered a down payment of $18,045.71, made certain repairs to facilitate rental of the cottage, rented it to third parties and retained the resulting income. Defendant later retracted his offer and returned a portion of the down payment after plaintiff failed to pay the balance of the purchase price. Following trial, Supreme Court found that defendant and plaintiff never agreed on the terms of payment and concluded that, in any event, because of the statute of frauds (see General Obligations Law § 5-703 [1]), there was no enforceable oral agreement by defendant to sell the cottage. Supreme Court also found that the part performance alleged by plaintiff was not "unequivocally referable" to a contract of sale because, while it reflected plaintiff's plan to pay the purchase price over time from rental income without interest, it was inconsistent with defendant's insistence on a cash purchase with a prompt closing and interest until then on the unpaid balance. The court dismissed the causes of action premised on an enforceable contract, but awarded plaintiff $7,522.50, representing the balance of the down payment and certain counsel fees he had incurred. Plaintiff now appeals.

Plaintiff contends that his down payment, repair and rental of the cottage constitute part performance sufficient to come within an exception to the statute of frauds (see General Obligations Law § 5-703 [4]). We cannot agree. Plaintiff failed to prove that he and defendant reached a complete agreement, oral or otherwise, for the sale of the cottage. As was promptly reflected in their correspondence, plaintiff and defendant had very differ-

ent intentions regarding how and when the purchase price would be paid. Plaintiff's acts merely reflected his own plan and underscored the parties' inability to negotiate the remaining terms of the agreement. Moreover, the part performance exception is inapplicable when "the performance undertaken by plaintiff is also explainable as preparatory steps taken with a view toward consummation of an agreement in the future" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *see Steele v Delverde S.R.L.*, 242 AD2d 414, 414 [1997]; *Ghura v Islip Resource Recovery Agency*, 122 AD2d 106, 107 [1986]).

Even if defendant's offer to sell the cottage were viewed as a complete oral agreement, it was predicated upon prompt payment and a cash purchase. Plaintiff's acts thereafter without paying the purchase price—or even taxes and utilities—were not induced or permitted without remonstrance by defendant so as to constitute a fraud and waive the statute's protection (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Anostario v Vicinanzo, supra*, at 664).

As for plaintiff's argument that he should have been awarded prejudgment interest, we find no abuse of Supreme Court's discretion (*see* CPLR 5001 [a]; *Margo Props. v Nelson*, 99 AD2d 1029, 1030 [1984]). It is apparent, however, that Supreme Court erred in computing the unpaid balance of the down payment by subtracting an amount in Canadian dollars from an amount in United States dollars. Since defendant does not dispute this point, we find that the correct amount of damages regarding the down payment is $9,260.21 (US), that being the difference between the down payment, $18,045.71 (US), and the amount returned to plaintiff, $8,785.50 (US). Plaintiff's remaining challenges to the amount of compensation are unpersuasive.

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the facts, without costs, by increasing plaintiff's award of damages regarding the down payment from $6,000 to $9,260.21, and, as so modified, affirmed.