■ Roy C. Pfeil, Appellant, v Julio Cappiello, Respondent.
[815 NYS2d 770]—

Mugglin, J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 22, 2005 in Saratoga County, which granted defendant's motion for partial summary judgment dismissing the complaint.

Plaintiff is the assignee of a lease of a portion of defendant's property that plaintiff and his assignors improved for use as soccer fields. The lease states that "the lessor and lessee own adjacent lands on the east side of Saratoga Road in the Town of Ballston, New York," but otherwise fails to adequately describe the leased premises. It is clear, however, that defendant owns additional land not subject to the lease. Additionally, the lease provides for its immediate termination upon sale by defendant lessor, provided the lessee has been given the opportunity to purchase the leased premises pursuant to section VI of the lease. That section provides: "If the lessor desires to sell the leased premises while this lease is in effect and receives an offer to make a contract from a third party to purchase the leased premises on terms that are acceptable to the lessor, the lessor shall disclose the terms of the offer to the lessee. The lessee shall have ten days after such notice is given to make an irrevocable offer to the lessor to make a contract upon the same terms as the third party offer, except that in all events it shall be accompanied by a certified check payable to the lessor for not less than ten percent of the purchase price, to be applied against the purchase price at closing, irrespective of the down payment in the original offer."

In this action, plaintiff seeks a declaratory judgment that the lease and right of first refusal, contained in section VI, are valid and enforceable, alleging that defendant has received an offer to sell all of his property but has refused to disclose the terms of sale and allow plaintiff to exercise his right of first refusal over the leased portion. Defendant admits receipt of the offer, but moved for summary judgment dismissing that part of plaintiff's claim seeking validation of a right of first refusal, claiming this right is barred by the statute of frauds. Supreme Court granted the motion and plaintiff appeals.

We affirm. As we have previously held: "General Obligations Law § 5-703 (2) provides, in relevant part, that a contract for the sale of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged. To that end, the underlying instrument must designate all parties, identify and describe the subject matter and state all of the essential terms of a complete agreement. Where, as here, the subject matter of the agreement is real property, the writing must describe the property involved with such definiteness and exactness as will permit it to be identified with reasonable certainty. Finally, the determination of whether an instrument satisfies the Statute of Frauds is based solely on the language in the document itself, without consideration of parol evidence" (*Wacks v King*, 260 AD2d 985, 986-987 [1999] [citations and internal quotation marks omitted]).

Here, the premises subject to the right of first refusal cannot be identified from the written instrument itself, rendering the right of first refusal unenforceable. Therefore, plaintiff's argument that his improvement of the premises as soccer fields identifies the property over which he can exercise a right of first refusal is unavailing, and his additional argument that defendant cannot avoid the right of first refusal to purchase the leased premises by selling all of his property, including the leased premises, is rendered academic.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.