*347 OPINION OF THE COURT
James P. Dawson, J.
By order to show cause dated January 16, 2007, the defendant Donald MacKenzie moves for an order allowing him to deposit a sum owed by the defendants under the judgment in this action with the Essex County Clerk and thereafter marking the judgment as satisfied. This action involves, a real estate transaction turned sour. The plaintiff eventually succeeded on claims for a refund of his down payment and counsel fees. The judgment is not included in the motion papers, but the court takes judicial notice that a judgment was entered on July 12, 2004 for $7,522.50 (representing $6,000 of the down payment and $1,522.50 in counsel fees) plus legal interest from August 1, 2000, as well as costs and disbursements of $1,346.80. On appeal, the Appellate Division, Third Department, modified the court’s judgment and increased the damages awarded for the plaintiffs down payment to $9,260.21 (13 AD3d 1010 [2004]). Accordingly, the total amount of the judgment is $10,782.71 plus legal interest from August 1, 2000 and costs and disbursements of $1,346.80, not including interest accrued after the judgment was entered.
There appears to be no serious dispute that the defendants are ready, willing and able to pay the judgment and have been for some time, as amounts sufficient to pay the judgment are being held in escrow. The reasons why the judgment has not yet been satisfied are unclear. From the papers submitted, it appears that the plaintiff wrote to the defendants’ former counsel in January 2006 (allegedly following up on the plaintiffs unreturned telephone call from several months earlier) requesting that the defendants “commence payment proceedings immediately” and mail the check, as well as to explain where the money had been and why there had been a delay in payment. The defendants’ former counsel then sought assurance that the plaintiff was no longer represented by counsel from the plaintiffs former counsel, which was provided later in January 2006. In March 2006, the defendants’ former counsel responded to the plaintiff and, among other things, indicated that the judgment amount would be paid to the plaintiff out of escrow if the plaintiff signed, notarized and returned a satisfaction of judgment, which was included with the letter. There is some indication that the plaintiff never received that letter. The defendants’ current counsel followed up in July 2006 and enclosed another satisfaction of judgment. The plaintiff responded *348 in September 2006, did not object to any of the documents and indicated that he wanted to quickly resolve the matter, but asked how much time he had to review the documents. The defendants’ counsel did not respond, and the plaintiff wrote again in November 2006, requesting a response and stating that he would proceed at his own pace if he did not hear back. The defendants’ counsel apparently did not respond to that letter either. To date, the plaintiff has not signed a satisfaction and the defendants have not paid.
Accordingly, the defendants now move pursuant to CPLR 5021 (a) (3) for an order allowing the defendant Donald MacKenzie to deposit $17,245.29 with the Essex County Clerk in full satisfaction of the judgment on the grounds that the plaintiff has refused to return a signed satisfaction of judgment. The plaintiffs former counsel appeared and confirmed that he no longer represents the plaintiff. The plaintiff himself appeared by letter.[1] The plaintiff does not dispute that he has not returned a signed satisfaction of judgment despite requests to do so, but instead points out that much of the delay was caused by the defendants’ past and current counsel and their failure to respond to his correspondence. The plaintiff reiterates that he wishes to resolve the case and is willing to sign a satisfaction if collection of the necessary funds can be arranged.
The defendants’ motion is denied. CPLR 5021 (a) (3) directs the County Clerk to make an entry that a judgment has been satisfied on the judgment docket where there has been “the deposit with the clerk of a sum of money which satisfies or partially satisfies the judgment pursuant to an order of the court, made upon motion with such notice to other persons as the court may require, permitting such deposit.”[2] As is relevant here, CPLR 5021 (a) (3) is meant to allow a satisfaction where a judgment creditor refuses to accept a tender of the judgment amount from the judgment debtor, but is not applicable where no such tender was made (see Meilak v Atlantic Cement Co., 30 AD2d 254, 256-257 [1968]).
*349 Here, there is no question that the defendants offered to pay the judgment amount out of escrow on two separate occasions, provided the plaintiff signed and returned a satisfaction of judgment, and that the plaintiff failed to do so. The essential question, as a result, becomes this: did the defendants’ offers constitute a tender? It seems fairly clear that they did not. Initially, “[a] valid tender requires not only readiness and ability to perform, but actual production of the thing to be delivered,” which in this case would be the judgment amount plus legal interest (Jamaica Sav. Bank v Sutton, 42 AD2d 856, 857 [1973]). The defendants never delivered that amount to the plaintiff, instead promising to do so only if the satisfaction of judgment was signed. This points to a separate problem with the supposed tender, as the defendants’ offers to pay were conditioned on the plaintiffs delivery of a signed satisfaction of judgment but a tender must be unconditionally made (see Naum v Naum Bros., 90 AD2d 960 [1982], lv denied 58 NY2d 606 [1983]). As the defendants failed to make a tender of the amount due under the judgment, CPLR 5021 (a) (3) is unavailable to them and their motion must be denied.
The court notes that the defendants continue to have a remedy, namely, to unconditionally tender the amount due and owing under the judgment (including all applicable interest) to the plaintiff. If the plaintiff then refuses to accept the tender, a motion will lie under CPLR 5021 (a) (3). If the plaintiff instead accepts the tender, he is obligated to execute and file a satisfaction of judgment with the Essex County Clerk pursuant to CPLR 5020 (a). If the plaintiff fails or refuses to do so upon demand by the defendants, they can not only obtain a discharge of the judgment pursuant to CPLR 5021 (a) (2) but can also commence an action against the plaintiff for a penalty pursuant to CPLR 5020 (c) and 7202. Given that the defendants want to pay the plaintiff, the court frankly hopes that further unnecessary delay can be avoided and that the plaintiff will simply execute and file a satisfaction of judgment after receiving payment from the defendants.
Ordered that the defendants’ motion for leave to deposit a sum with the Essex County Clerk and to discharge a judgment against them is denied. Any relief requested which is not specifically granted herein is denied, and no motion costs are awarded to any party.

. The plaintiff also requested that, if the court did not accept the statements in the letter, an adjournment of the motion be granted to allow him to obtain counsel and prepare formal documentation. The plaintiffs letter was then forwarded by the court to the defendants’ counsel, as there was no indication that the defendants had received a copy. To date, the court has not received any further correspondence from any of the parties. Accordingly, the court agrees to consider the plaintiffs letter as his opposition to the motion.

. It does not appear that there are any outstanding executions on which sheriffs fees have not been paid (see CPLR 5021 [a] [3]).