■ DANIEL J. REGAN, Respondent, v REAL SOURCE CHARITIES, INC., Appellant. [846 NYS2d 447]—

Mercure, J.P. Appeal from an order and judgment of the Supreme Court (Demarest, J.), entered January 22, 2007 in St. Lawrence County, which, among other things, granted summary judgment in favor of plaintiff.

This action arises out of a 2005 auction of two parcels of real property owned by defendant and situated across from one another on Route 37 in St. Lawrence County. The parcels were first offered for bidding separately and then together, and were to be sold pursuant to the method that garnered the highest total bid. Plaintiff owns property adjacent to one parcel (hereinafter parcel A) and John Sherman owns property adjacent to the other parcel (hereinafter parcel B). Prior to the auction, plaintiff and Sherman informally agreed that if either of them was not the high bidder on the parcel adjacent to his property, they would bid together for the combined parcels.

Although Sherman was the high bidder for parcel B, plaintiff did not win the bid for parcel A. In accordance with their agreement, plaintiff then placed the high bid of $220,000 on the combined parcels with the understanding that Sherman would contribute the amount that he bid on parcel B toward the sale price. Plaintiff also signed a "bid acknowledgment form" agreeing to purchase the property subject to the conditions set forth in a separate "Purchase & Sale agreement." Thereafter, plaintiff and Sherman requested that the parcels be conveyed separately to each of them in order to save plaintiff the costs associated with a second conveyance of parcel B to Sherman. The auctioneer ceded to this request and separate contracts of sale were created for each parcel. Sherman subsequently refused to complete the purchase of parcel B when defendant, as a charit-

able organization, was unable to timely obtain the necessary judicial approval of the sale.*

Plaintiff then commenced this action seeking specific performance of the contract for sale of parcel A alone at a price of $154,000. Defendant counterclaimed, seeking to dismiss plaintiff's complaint and to compel plaintiff to purchase the combined property for $220,000. Supreme Court denied defendant's subsequent motion for summary judgment and granted summary judgment in favor of plaintiff. Defendant appeals and we now affirm.

Defendant asserts that plaintiff's high bid, coupled with his signing of the bid acknowledgment form, constituted a binding contract for the sale of the combined property. We agree with plaintiff, however, that the bid acknowledgment form did not satisfy the statute of frauds. Pursuant to General Obligations Law § 5-703 (2), "[a] contract . . . for the sale[ ] of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged." It is well settled that a writing will not satisfy the statute of frauds unless it " 'designate[s] all parties, identif[ies] and describe[s] the subject matter and state[s] all of the essential terms of a complete agreement' " (*Pfeil v Cappiello*, 29 AD3d 1187, 1188 [2006], quoting *Wacks v King*, 260 AD2d 985, 986 [1999] [citation and internal quotation marks omitted]). Particularly relevant here, the writing must " 'describe the property involved with such definiteness and exactness as will permit it to be identified with reasonable certainty' " (*Conway v Maher*, 185 AD2d 570, 572 [1992], quoting *Barber v Stewart*, 275 App Div 429, 430 [1949]; *see Pfeil v Cappiello*, 29 AD3d at 1188).

In that regard, we note that the bid acknowledgment form upon which defendant seeks to rely contains no description or reference to the property, designation of defendant as a party, or indication of the nature of the interest conveyed. Instead, the form merely sets forth plaintiff's name and address, and the price and deposit paid. While the form does refer to a separate purchase and sale agreement, the separate contract that defendant signed with plaintiff memorializes an agreement for the sale of parcel A alone; defendant entered into a separate contract with Sherman for the sale of parcel B (*see Sherman v Real Source Charities, Inc.*, 41 AD3d 946 [2007]). Accordingly,

---

* This Court recently determined that Sherman was entitled to summary judgment in his breach of contract action seeking return of his deposit along with costs and legal fees (*Sherman v Real Source Charities, Inc.*, 41 AD3d 946 [2007]).

inasmuch as the bid acknowledgment form is insufficient to satisfy the statute of frauds, it did not constitute a valid obligation and, thus, Supreme Court properly denied defendant's motion for summary judgment (*see Pfeil v Cappiello*, 29 AD3d at 1188; *Bardusch v Lynch*, 192 AD2d 1088, 1089 [1993]; *Conway v Maher*, 185 AD2d at 572; *cf. Wacks v King*, 260 AD2d at 987). Furthermore, in the absence of any indication that the purchase and sale agreement subsequently signed by the parties is not valid, the court correctly determined that plaintiff is entitled to summary judgment.

Defendant's remaining arguments are either rendered academic by our determination or, upon consideration, have been found to be lacking in merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.