■ Robert Allegro, Appellant, v Hazel Youells, as Executor of Iva L. Kellam, Deceased, Respondent, et al., Defendant. [889 NYS2d 263]—

Kavanagh, J. Appeal from an order of the Supreme Court (Tait, J.), entered October 31, 2008 in Tioga County, which granted defendant Hazel Youells' motion for summary judgment dismissing the complaint and cross claim against her.

On April 29, 2004, decedent entered into a contract in which she agreed to sell to her nephew, defendant Charles H. Roosa, and his wife a portion of undeveloped property that she owned in the Town of Owego, Tioga County. The contract (hereinafter the Roosa contract) described the property to be sold as "11.1

acres of land contiguous to Roosa property as set forth on the attached sheet." Three months later, decedent entered into a contract dated July 20, 2004 in which she agreed to sell 43 acres of undeveloped property to plaintiff. Plaintiff's contract described the property to be purchased as approximately 43 acres of real estate located at "1019 SUMMIT RD, City/Village of APALACHIN, Town of OWEGO, County of TIOGA, NY, Zip 13732, Tax Map Identifier (Selection-Block-Lot Number) 141.00-1-43.1."

After decedent refused to complete the sale, plaintiff, in October 2004, commenced this action seeking specific performance of his contract. Subsequently, Roosa filed a cross claim seeking specific performance of his contract with decedent. Decedent died in March 2005 and defendant Hazel Youells was appointed executor of decedent's estate and substituted in that capacity as a defendant in this action. After discovery was completed and a note of issue was filed, Youells moved for, among other things, summary judgment dismissing the complaint and cross claim against her contending that both contracts were unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [2]) because neither sufficiently described the property to be sold. Supreme Court agreed, granted the motion and dismissed both plaintiff's claim and Roosa's cross claim against her. Only plaintiff now appeals.

Youells bore the initial burden of establishing a prima facie entitlement to summary judgment as a matter of law by presenting competent, admissible evidence demonstrating the absence of triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Quinn v Depew*, 63 AD3d 1425, 1428 [2009]). In support of her motion, Youells argued that neither plaintiff's contract nor the Roosa contract was enforceable because each lacked a sufficient description of the property to be conveyed so as to " 'permit it to be identified with reasonable certainty' " (*Pfeil v Cappiello*, 29 AD3d 1187, 1188 [2006], quoting *Wacks v King*, 260 AD2d 985, 987 [1999]; *see* General Obligations Law § 5-703 [2]; *Pentony v Saxe*, 2 AD3d 1076, 1076-1077 [2003]; *Conway v Maher*, 185 AD2d 570, 572 [1992]; *Barber v Stewart*, 275 App Div 429, 430 [1949]; *accord Regan v Real Source Charities, Inc.*, 45 AD3d 1156, 1158 [2007]).

Initially, we note that plaintiff's contract calls for the sale of 43 acres of real estate contained in a 61.1-acre parcel owned by decedent as identified by tax map number 141-00-1-43.1. Nowhere in the contract are the boundaries of the property to be sold specifically described, nor is it specified how the 43 acres to be sold to plaintiff would be configured within the 61.1 acres

that make up the entire parcel. In this regard, plaintiff claims that decedent intended to sell to him all of the property she owned in this parcel, minus that which she was to sell to the Roosas,[1] and what property remained in the parcel after the Roosa sale would necessarily constitute the property to be conveyed to plaintiff under his contract.[2] As such, plaintiff maintains that if the Roosa contract contains an adequate description, it can be used as a frame of reference to identify with reasonable certainty the property to be conveyed to plaintiff under his contract.

While the Roosa contract describes the property to be sold as "11.1 acres of land contiguous to Roosa property as set forth in the attached sheet," no sheet was attached to the contract when plaintiff initiated this action.[3] In addition, the document purported by plaintiff to represent the sheet in question makes no reference to the Roosa contract, and it not only fails to describe how the 11.1 acres to be conveyed to Roosa was to be configured within the 61.1-acre parcel, but it also describes the property to be conveyed as 10.795454 acres in size—not 11.1 acres as set forth in the Roosa contract. Simply stated, the Roosa contract suffers from the same infirmity as plaintiff's contract; it fails to contain an adequate description of the property conveyed and, as such, cannot be used to identify with reasonable certainty the property to be sold under plaintiff's contract (*see Regan v Real Source Charities, Inc.*, 45 AD3d at 1158; *Pfeil v Cappiello*, 29 AD3d at 1188). As a result, Supreme Court properly granted Youells' motion for summary judgment dismissing plaintiff's claim for specific performance of his contract with decedent.

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. A third contract was executed in September 2004 in which Roosa agreed to sell plaintiff the 11-acre parcel that he had contracted to purchase from decedent.

2. A provision in the contract called for the performance of a survey of the property to be sold to plaintiff and for additional payments to be made to decedent if the total acreage actually sold exceeded 43 acres.

3. Plaintiff produced this sheet with an affidavit from the realtor who brokered the transaction 3½ years after commencing this action, and did so only in response to Youells' motion for summary judgment.