■ F.W.J. REALTY CORP., Respondent, v COUNTY OF SUFFOLK et al., Appellants. [901 NYS2d 674]—

In an action for specific performance and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated October 9, 2008, which denied their motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

On April 20, 2004, the Suffolk County Legislature (hereinafter the Legislature) adopted resolution No. 431-2004, authorizing the defendant Suffolk County Department of Planning to acquire certain properties, including a vacant commercial building owned by the plaintiff, in the name of the defendant County of Suffolk (hereinafter the County). The resolution indicated that the properties were to be acquired in connection with a highway improvement project.

In a letter to the plaintiff dated June 1, 2006, the defendant Suffolk County Department of Public Works (hereinafter the DPW) indicated that the County was making a "pre-vesting" offer to the plaintiff, pursuant to EDPL 303. In a letter to the DPW dated June 23, 2006, the plaintiff's attorney, on the plaintiff's behalf, accepted that offer as payment in full for the plaintiff's claim.

On March 6, 2007, the Legislature adopted resolution No. 228-2007, deleting the plaintiff's building from the project plan. The resolution indicated that after further "engineering review," the DPW determined that the acquisition of that building was no longer necessary. By letter dated May 2, 2007, the County informed the plaintiff that its property was no longer subject to condemnation. Subsequently, the plaintiff commenced this action against the defendants, asserting causes of action for specific performance and to recover damages for breach of contract.

Prior to interposing an answer, the defendants moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint. In the order appealed from, the Supreme Court denied the defendants' motion. We modify.

EDPL 304 (A) (4) provides, in relevant part, that "upon the acceptance of" a prevesting offer, "the condemnor shall enter into an agreement or stipulation with the condemnee providing for payment pursuant to such agreement, either as payment in full or as an advance payment." A condemnee's acceptance of a pre-vesting offer does not create a contract for the sale of the condemnee's building or that building's fixtures (*see Garrison v City of New York*, 88 US 196, 203-204 [1875]; *Ro Jo Lo Partners v State of New York*, 226 AD2d 896, 896-897 [1996]).

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the allegations of the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). To succeed on a cause of action for specific performance or to recover damages for breach of contract, a plaintiff must establish, inter alia, the "formation of a contract" (*Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). Here, however, the plaintiff's allegation that the acceptance of the prevesting offer gave rise to a contract for the sale of the plaintiff's building and that building's fixtures, made in support of the plaintiff's causes of action for specific performance and to recover damages for breach of contract, is a bare legal conclusion, and as such, is neither presumed to be true, nor accorded every favorable inference (*see Breytman v Olinville Realty, LLC*, 54 AD3d 703, 704 [2008]). Since that legal conclusion is incorrect, the complaint fails to state a cause of action, and the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

The defendants' remaining contentions are without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.