■ Town of Oyster Bay, Respondent, v William J. Doremus et al., Appellants. [942 NYS2d 546]—

In an action, inter alia, to enforce a contract for the creation of a conservation easement over certain real property, the defendants William J. Doremus and John C. Doremus, as co-executors of the estate of William H. Doremus, appeal, and the defendant Ellen Doremus, also known as Ellen Korry-Doremus, separately appeals, from an order of the Supreme Court, Nassau County (Adams, J.), dated April 12, 2011, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and pursuant to CPLR 6514 to cancel a notice of pendency and for an award of costs and expenses.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint and pursuant to CPLR 6514 to cancel the notice of pendency, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

In the 1980s, Gilbert Tilles and Tilles Investment Company (hereinafter together Tilles), the owners of an 81-acre parcel of real property known as the Underhill property in the Town of Oyster Bay, sought rezoning to permit development of the Underhill property. Tilles's effort to develop the Underhill property resulted in a decades-long lawsuit between Tilles and the Town. That action was eventually settled in 2004 when, inter alia, the Town, along with the County of Nassau and the State of New York, purchased a total of 50 acres of the Underhill

property for conservation, and permitted development of the remainder.

William H. Doremus and Ellen Doremus, also known as Ellen Korry-Doremus (hereinafter together the Doremuses), who owned two parcels of property adjacent to the Underhill property (hereinafter the Doremus property), had opposed development of the Underhill property. Since the Doremuses sought to preserve the area as open space, beginning in about 2002, they began exploring the possibility of creating a conservation easement over a portion of the Doremus property. In late 2003 the Doremuses began working with the Nassau Land Trust (hereinafter the Land Trust) and with the Town's special counsel to create a conservation easement. Although draft agreements were prepared and preliminary steps were taken, the easement was never created, and the relevant documents were never executed. Ultimately, the Doremuses decided to sell the Doremus property rather than establish the conservation easement.

In 2010 the Town commenced this action, among other things, to enforce the Doremuses' alleged promise to create the conservation easement. The Town alleged that it was entitled to enforce the easement under contract and promissory estoppel theories. In addition, the Town filed a notice of pendency in connection with the Doremus property. Thereafter, the Doremuses moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and pursuant to CPLR 6514 to cancel the notice of pendency and for an award of costs and expenses. While the motion was pending, William H. Doremus died, and was substituted by William J. Doremus and John C. Doremus, the co-executors of his estate (hereinafter together the co-executors). In an order dated April 12, 2011, the Supreme Court denied the pending motion of the co-executors and Ellen Doremus, also known as Ellen Korry-Doremus (hereinafter together the defendants) . The co-executors appeal, and Ellen Doremus, also known as Ellen Korry-Doremus, separately appeals. We modify.

In the complaint, the Town does not describe any specific promise or contract, and sets forth no terms or specifics of any purported contract. Moreover, no written agreement is annexed to the complaint. Instead, the complaint states only that the Doremuses were engaged in negotiations with the Land Trust to create the conservation easement over a portion of the Doremus property. Thus, even if we accord the complaint "the benefit of every possible favorable inference" (*Cooney v Cooney*, 13 AD3d 407, 409 [2004] [internal quotation marks omitted]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178

[2011]), it does not sufficiently allege the existence of a written contract creating an interest in real property (see General Obligations Law § 5-703 [1]), or establishing an interest with reference to a trust of real property (see General Obligations Law § 5-703 [3]), that may be enforced (see *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 181-182).

Moreover, relying on its allegations of an enforceable promise between the Doremuses and the Land Trust, the Town contends that it has standing, as a third-party beneficiary, to seek enforcement of the Doremuses' "tacit understanding and promise" to create the conservation easement. However, to state a cause of action to enforce a promise to another, as a purported third-party beneficiary, the Town must allege: (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for its benefit, and (3) that the benefit to it is sufficiently immediate to indicate the assumption by the contracting parties of a duty to compensate it if the benefit is lost (*id.* at 182; see *Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786 [2006]; *East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007]).

Here, the Town has failed to allege the existence of a valid, enforceable agreement between the Doremuses and any other party, or to allege facts indicating that such agreement was intended for its benefit, other than the assertion that the conservation easement would serve to benefit the Town (see *Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *F.W.J. Realty Corp. v County of Suffolk*, 73 AD3d 977, 978 [2010]). Instead, "[t]he complaint only offers conclusory allegations without pleading the pertinent terms of the purported agreement" which leaves the Court to "speculate as to the parties involved and the conditions under which this alleged [conservation easement] contract was formed. Consequently, by failing to plead the salient terms of a valid and binding contract, [the Town] cannot show that the contract was intended for its immediate benefit" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 182).

The Town contends that it adequately pleaded, in the complaint, that it was entitled to specific performance based upon the doctrine of part performance, an exception to the statute of frauds (see General Obligations Law § 5-703 [4]). Specifically, the Town relies upon its purchase of a portion of the Underhill property. However, "[p]art performance will render [a] contract enforceable only where such performance is 'unequivocally referable' to the alleged agreement" (*Jonestown Place Corp. v 153 W. 33rd St. Corp.*, 53 NY2d 847, 849 [1981]). "[T]he mere purchase of an adjoining parcel of land from a

third party is equivocal, [and] it is not sufficient part performance to remove the bar of the statute" (*id.*). As such, "[the Town's] acts merely reflected [its] own plan," not an unequivocal agreement between it and the Doremuses (*MacKenzie v MacKenzie*, 13 AD3d 1010, 1011 [2004]). Moreover, the Town's purchase of part of the Underhill property is equally explainable as part of the effort to settle the Tilles's action and, thus, is not "unequivocally referable" to the desired conservation easement over the Doremus property.

Since the Town failed to state a cause of action alleging, inter alia, breach of contract or promissory estoppel, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Although the defendants successfully demonstrated their entitlement to dismissal of the complaint pursuant to CPLR 3211 (a) (7), the Supreme Court correctly denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint. In this regard, the defendants have not come forward with any documents that "conclusively refute[ ] [the Town's] allegations" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591 [2005]; *see Reid v Gateway Sherman, Inc.*, 60 AD3d 836, 837 [2009]; *Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]), let alone documents that "establish a defense as a matter of law" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Since the defendants established their entitlement to dismissal of the complaint pursuant to CPLR 3211 (a) (7), the notice of pendency also should have been cancelled (*see* CPLR 6514 [a]; *Coleman v Coker*, 66 AD3d 812, 814 [2009]; *Gallagher Removal Serv. v Duchnowski*, 179 AD2d 622, 623 [1992]). However, the defendants did not establish that this action was commenced in bad faith and, thus, failed to demonstrate their entitlement to recover costs and expenses pursuant to CPLR 6514 (c) (*see Lessard Architectural Group, Inc., P.C. v X & Y Dev. Group, LLC*, 88 AD3d 768 [2011]; *Sutphin Mgt. Corp. v REP 755 Real Estate, LLC*, 73 AD3d 738, 742 [2010]; *Nastasi v Nastasi*, 26 AD3d 32, 41-42 [2005]). Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.