OPINION OF THE COURT
Carolyn E. Demarest, J.
In motion sequence No. 1, 33 Development Inc. moves to dismiss the present complaint brought by 929 Flushing LLC and vacate the notice of pendency. Plaintiff cross-moves under motion sequence No. 2 for summary judgment and specific performance. The instant action arises out of the execution of a short form agreement titled “Binder of Sale” (the binder) pertaining to real property located at 929 Flushing Avenue, Brooklyn, New York 11206. Though the parties never fully executed a formal agreement, plaintiff contends that the binder, executed by Joel Jacob as purchaser and Anita Wong “as managing agent,” without further identifying the seller, created a legally enforceable contract that requires defendant to sell the premises to plaintiff.
Background
At execution of the binder on May 4, 2015, both parties were represented by counsel. The terms of the binder set forth, inter alia, the address of the property to be sold, and the purchase price of $3,820,000, $382,000 of which (inclusive of the binder deposit) was to be paid in “cash on signing more formal contract” as a 10% “cash down payment.” The binder stated a closing date of August 18, 2015, and included a “Contract Signing” provision which specified: “if offer is accepted by owner, usual formal contract shall be signed and delivered by the seller and purchaser at the office of the seller’s attorney or the office of the broker on or before May 18th, 2015.” Upon execution of the binder, Joel Jacob paid the $500 deposit as acknowledged in the binder. In addition to the purchase price *197 and down payment, the binder also represented that the premises would be delivered vacant. A brokerage fee in the amount of 3.5% of the sale price to Siu Wai Cheung, the named licensed agent for the sale, was further stated.
As to the parties to the binder, the document lacks a full recitation of the intended individuals and/or entities to be charged under the agreement. The document designates Joel Jacob as “Purchaser,” and includes a signature under “Seller’s Acceptance” of an “Anita Wong as managing agent.” Ms. Wong affirms she signed the binder, but discounts its contractual effect. While Mr. Jacob is named as “Purchaser” in the binder, he later affirms that the seller, the broker, and the seller’s attorney were aware that the binder was signed on behalf of an entity to be formed at a later date, which he contends is typical of this type of real estate transaction. The present plaintiff, 929 Flushing LLC, does not appear by name on the binder and, per Mr. Jacob’s own affirmation, was not incorporated until May 27, 2015. The court also notes the lack of designation of “33 Development” as selling entity anywhere on the binder. Subsequent to the signing of the binder, on May 22, 2015, seller’s counsel emailed to purchaser’s counsel a proposed unsigned long form contract of sale for the premises.
On May 27, 2015, purchaser’s counsel returned by email a signed proposed contract that had been significantly modified. Among the alterations made to the long form agreement were a reduction of the amount payable upon signing from 10% to 5% of the purchase price, as well as a $50,000 increase in the amount of credit buyer would receive from seller in the event there was defect in title. Buyer’s counsel also changed the designated purchasing party by crossing out “Joel Jacob or LLC to be formed,” and writing in “929 Flushing LLC.” Additionally, “Schedule C” of the proposed contract, describing the payment of the “Purchase Price,” was modified. The markup altered the down payment provision to allow $191,000, only 5% of the purchase price, rather than the $382,000, or 10% down, as stated in the binder. Alterations to the “Rider to Contract of Sale of 929 Flushing Avenue, Brooklyn NY 11206” were made as well. A provision in the proposed contract rider titled, “Tenancies,” which provided for a list of leases to which the sale would be subject (no list annexed), shows a handwritten revision that the premises are to be delivered vacant. The final signature page contains an asterisk next to “Seller,” with additional conditional language. The added language, though not *198 wholly legible, makes reference to, inter alia, the purchaser’s right to cancel in the event any environmental issues arise, inserting additional conditions to closing into the final agreement.
On June 1, 2015, an email exchange was initiated by seller’s transaction counsel, Wing Y. (Wendy) Yu, Esq., regarding the terms of the proposed formal agreement. Ms. Yu stated, in response to buyer’s proffered changes, that “[s]eller agreed to 5% contract deposit but closing in 60 days and buyer to take subject to tenant.” Allen Herman, Esq., replying on behalf of buyer, stated that it would be fine to “change vacant to subject to tenant and the 90 to 60 in the contract.” Ms. Yu further replied that “[i]n addition to the contract, I will have our client to signed [sic] the attached. Please review.” The evidence submitted does not reflect what was attached to the email exhibit. On May 27, 2015, 929 Flushing wired $191,000 to the escrow account of Ms. Yu’s law firm, Kee and Lau-Kee, PLLC, but seller never executed the modified contract.
On June 2, 2015, plaintiff filed a notice of pendency against the premises. On June 4, 2015, Ms. Yu sent a letter to Mr. Herman, enclosing the 5% contract deposit, and stating that she was writing to confirm that seller no longer wished to proceed and would like to know why a notice of pendency was filed against the premises, whereupon plaintiff filed its instant complaint on June 4, 2015. At this point, communication between transaction counsel ceased.
Discussion
Defendant filed its instant motion pursuant to CPLR 3211, which provides that a cause of action may not be maintained where there is a failure to satisfy the statute of frauds. General Obligations Law § 5-703 (2) states that a contract concerning real property is “void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged.” (Emphasis added.) As defendant states, and plaintiff does not dispute, no long form contract concerning the sale of the premises was ever executed. Notwithstanding language in the binder reflecting such intent, however, a short form document or memorandum, which contemplates a more formal agreement at a later date, may nonetheless be sufficient to create a contractual obligation under New York law if it contains all the essential material terms of the agreement. In other words, the failure to execute *199 a more formal writing does not, per se, impair the effectiveness of such document (Breslin Realty Dev. Corp. v Incorporated Vil. of Freeport, 155 AD2d 576, 577 [2d Dept 1989]). The primary issue at bar with respect to defendant’s motion to dismiss is therefore whether the binder contains all of the essential elements of the parties’ agreement and evidences their intent to be bound by its terms. Upon examination of the evidence, the court concludes that the binder, on its face, is unenforceable as a contract as a matter of law as it was merely an agreement to agree at a later time.
Contract interpretation is within the ambit of the court and may be resolved as a matter of law (Gonzalez v Norrito, 256 AD2d 440 [2d Dept 1998]). Moreover, “[w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties’ reasonable expectations” (Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d 860, 861 [2d Dept 2007]). Relative to this action, a real estate binder of sale “can be enforced as a contract where it identifies the parties, describes the subject property, [and] recites the essential terms and is signed by the party to be charged.” (Ramos v Lido Home Sales Corp., 148 AD2d 598, 598 [2d Dept 1989]; see also Birnhak v Vaccaro, 47 AD2d 915, 916 [2d Dept 1975].) If these conditions are met, binder agreements may represent enforceable contracts provided that all of the essential elements are recited therein and the document reflects a meeting of the minds.
Here, however, while the binder states a price, and a time for closing, it fails to designate the parties to be charged. The named “Purchaser” in the binder is Joel Jacob and no reference to the plaintiff at bar, 929 Flushing Avenue LLC, or any “LLC to be formed” is otherwise made on the face of the document. That neither plaintiff nor defendant is identified in the binder is fatal to its enforcement as a binding contract in that the parties to be charged are not identified. Plaintiff contends that at the time of the execution of the binder, while it had not yet been incorporated, the parties were aware that Mr. Jacob was the principal and agent for a single-purpose entity to be formed at a later date for the purpose of executing the purchase. With respect to judicial enforcement of an agreement, however, “if the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available.” (O’Brien *200 v West, 199 AD2d 369, 370 [2d Dept 1993].) Despite the alleged relationship between Mr. Jacob and the plaintiff, the actual named party to act as buyer to the transaction is an essential element of a binding agreement and the limited liability entity now bringing suit for performance under the purported agreement is nowhere recited as a party to the disputed transaction, nor was it even in existence at the time the binder was executed. As defendant titleholder is also nowhere identified, and there is no evidence of Ms. Wong’s authority to bind the titleholder, the binder is woefully insufficient as to its designation of the parties to be charged, precluding the court from finding an enforceable agreement.
Moreover, a basic principle of contract interpretation is that the language of the agreement is to be construed according to the intent of the parties (see Willsey v Gjuraj, 65 AD3d 1228 [2d Dept 2009]). In this case, the binder clearly indicates that the execution of "the usual formal contract” by May 18, 2015 was intended as a condition precedent to the formation of a binding agreement to sell at the stated price. As defendant did not sign a “formal” contract, it incurred no obligation to sell. Finally, a binder does not satisfy the statute of frauds in the event that essential terms are left open for further negotiation (Hallmark Constr. Corp. v Kemmerer, 55 AD2d 637 [2d Dept 1976]). That the parties continued negotiating well past the purported signing date stated in the binder, coupled with buyer’s proffer of significant changes in the terms of the contract proffered by seller, further indicates a lack of reliance on the binder and a failure to agree on the terms set forth therein. Defendant’s motion to dismiss the complaint is thus granted, given that a viable signed writing was never executed by the parties at bar and no evidence has been presented that would indicate the parties intended to be bound under the terms of the binder.
Conclusion
Defendant’s motion to dismiss the complaint is granted in its entirety and the notice of pendency is vacated. Plaintiff’s cross motion for summary judgment is denied.