■ CARL GRIMM, Appellant, v MARINE MIDLAND BANK, N. A., Respondent.—Harvey, J. Appeal (1) from a resettled order of the Supreme Court at Special Term (Cholakis, J.), entered April 11, 1985 in Rensselaer County, which, inter alia, granted defendant's motion for partial summary judgment

dismissing plaintiff's second and third causes of action, and (2) from the resettled judgment entered thereon.

The issue raised by this appeal is whether the second and third causes of action alleged by plaintiff are barred by the Statute of Frauds. In May 1980, plaintiff commenced this suit alleging that defendant failed to provide certain financial assistance that it had promised to provide in connection with the construction of a shopping mall in the City of Troy, Rensselaer County. Plaintiff, in three separate causes of action, asserted that defendant failed to (1) arrange for, (2) provide for and/or (3) underwrite an interim construction loan and permanent loan for plaintiff's shopping mall project.

In August 1980, defendant moved to dismiss plaintiff's complaint on the ground that, *inter alia,* the alleged causes of action were barred by the Statute of Frauds. Special Term denied the motion, holding that discovery was necessary before it could determine the merits of the Statute of Frauds defense. After extensive discovery had taken place, defendant made a motion for partial summary judgment dismissing plaintiff's second and third causes of action because of the Statute of Frauds. Special Term granted the motion and this appeal ensued.

Initially, it should be noted that the parties do not dispute that an agreement to provide mortgage financing is subject to the Statute of Frauds *(see,* General Obligations Law § 5-703; *Sleeth v Sampson,* 237 NY 69). Plaintiff has produced only one writing which was signed by an authorized employee of defendant. The signed writing is a letter dated May 13, 1977 which stated that it was "an *application* for a permanent mortgage and interim loan on the * * * proposed mall" (emphasis supplied). The letter referred to future terms and subsequent agreements which had to be reached. The letter obligated defendant "to prepare the total loan package". However, the letter further provided that a loan package included "Summary of Salient Facts * * * Applicant Information * * * Property Description * * * Area Analysis [and] Economic Analysis". Accordingly, the only signed writing produced by plaintiff fails to show that defendant obligated itself to provide for or to underwrite an interim construction loan or a permanent loan for plaintiff's shopping mall.

Plaintiff contends, however, that this letter should be read together with other unsigned documents, satisfying the Statute of Frauds under the analysis in *Crabtree v Elizabeth Arden Sales Corp.* (305 NY 48). We disagree. Under *Crabtree,*

signed and unsigned writings relating to the same transaction and containing all the essential terms of a contract may be read together to evidence a binding contract *(supra,* p 55). However, "at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction" *(supra,* p 56). The signed letter produced by plaintiff only obligated defendant to prepare a loan package for presentation. That transaction was separate and distinct from an obligation to grant a loan commitment. There was no signed document which obligated defendant to provide for or to underwrite a loan for plaintiff. Therefore, plaintiff's second and third causes of action fail to satisfy the Statute of Frauds and were properly dismissed.

Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.