■ REAL ESTATE ECONOMIC RESOURCES, INC., Appellant, v MARIE ARMENDARIZ, Doing Business as LORENZO & MARIA'S KITCHEN, Respondent.—Order, Supreme Court, New York County (William Davis, J.), entered August 21, 1989, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, denied plaintiff's cross motion to strike affirmative defenses as moot, and directed entry of a judgment in favor of defendant for attorney's fees; and subsequent judgment of the same court, entered October 5, 1989, unanimously affirmed, with costs.

Plaintiff mortgage broker commenced this action against defendant to recover a commission allegedly earned in securing a mortgage for defendant based on an oral broker's agreement between the parties. Defendant, the owner of certain commercial real estate, had specifically sought a self-liquidating 30-year fixed-interest commercial mortgage. Plaintiff sent her a letter enclosing a mortgage application for a fixed-interest mortgage for a five-year term and a five-year option. The letter also contained a brokerage agreement to be signed by defendant. Defendant never signed the agreement or submitted the mortgage application. In a follow-up letter, plaintiff acknowledged that defendant did not want a 5- or 10-year lease but explained that commercial loans were not being given with longer terms, and requested that plaintiff be notified as to how to proceed. Defendant never answered the letter.

Plaintiff then commenced this action, alleging that it had

secured a mortgage loan for defendant, that the application papers were a mere formality to verify information, and that defendant had refused to complete the transaction to avoid payment of the commission. Defendant answered and interposed affirmative defenses including that the action was barred by the Statute of Frauds. Defendant served written interrogatories and plaintiff demanded a bill of particulars. Defendant moved to vacate the demand and plaintiff crossmoved to strike the affirmative defenses as frivolous and inapplicable. Defendant then moved for summary judgment, contending that no mortgage had been secured, that there was no agreement on essential terms of the mortgage, and that any agreement with respect to a commission was void under the Statute of Frauds. Plaintiff opposed, contending that a mortgage had been secured and that defendant had orally agreed to the terms thereof and to payment of a commission.

After consolidating the motions, the Supreme Court dismissed the complaint on the grounds that the mortgage financing was subject to the Statute of Frauds, that there was no signed mortgage commitment, and that a bank letter referring to an application did not constitute a commitment. The court also noted that the proposed letter of agreement which plaintiff sent defendant contained a provision that plaintiff would try to arrange a mortgage on terms and conditions acceptable to defendant and defendant would pay a commission if a commitment on acceptable terms was obtained. The court also awarded defendant counsel fees as a result of this "frivolous action". We agree.

Although a broker is exempt from the provisions of the Statute of Frauds (General Obligations Law § 5-701 [a] [10]), an agreement to provide mortgage financing is subject to the Statute of Frauds and thus there must be a specific signed writing pursuant to which a bank obligates itself to provide mortgage financing. As there was no commitment letter herein, there was no written obligation (*Grimm v Marine Midland Bank,* 117 AD2d 901). Moreover, there was no agreement as to the mortgage terms. Brokerage commissions are not earned unless the person produced by the broker reaches an agreement not only as to the amount but also as to the terms (*Arnold v Schmeidler,* 144 App Div 420). In addition, the exemption from the Statute of Frauds is not applicable herein as the proposed brokerage agreement provides for a term exceeding one year (*Gurney, Becker & Bourne v Simon,* 89 AD2d 795). As there were no triable issues of fact, the

court properly dismissed the claim for brokerage commissions *(see, Day Realty v Farkas,* 75 AD2d 783).

The court also acted within its discretion in determining that the case was frivolous and in imposing sanctions *(see, Silverman v Leucadia Inc.,* 159 AD2d 254). Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.