■ PETER A. CHARLAY et al., Respondents, NORTHEAST SAVINGS F.A., Appellant.—Mercure, J. Appeal from an order of the Supreme Court (McDermott, J.), entered November 5, 1990 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs applied to defendant for a mortgage in connection with their purchase of a residence in the City of Albany. On September 9, 1985, defendant issued its written commitment approving the application upon the express condition, among others, that plaintiffs provide evidence at closing to confirm the sale of their present residence. Plaintiffs accepted the commitment. Plaintiffs never obtained a purchaser for their existing residence and the mortgage closing never took place. After obtaining financing from another lender, plaintiffs commenced this action, alleging damages as the result of defendant's refusal to provide financing in accordance with its commitment. The essential theories underlying plaintiffs' causes of action are that the September 9, 1985 mortgage commitment did not express the true agreement of the parties and that when the claimed errors were called to defendant's attention, it agreed to and did modify the commitment accordingly. As such, plaintiffs seek to enforce the contract as represented by the original written commitment and the alleged oral amendment deleting the requirement that plaintiffs' existing residence be sold. In its answer, defendant pleaded as affirmative defenses, *inter alia,* the Statute of

Frauds *(see,* General Obligations Law § 5-703) and plaintiffs' failure to satisfy the terms of the commitment. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant now appeals.

We reverse. It is well settled that an agreement to extend mortgage financing is subject to the Statute of Frauds *(see,* General Obligations Law § 5-703; *Real Estate Economic Resources v Armendariz,* 162 AD2d 303, 304; *Grimm v Marine Midland Bank,* 117 AD2d 901, 902). Although, following plaintiffs' acceptance, the September 9, 1985 written commitment did constitute a binding contract satisfying the requirements of General Obligations Law § 5-703, plaintiffs' conceded failure to sell their existing residence barred enforcement of that instrument as written. Of greater relevance to the issues at hand, where a contract is subject to the Statute of Frauds an agreement modifying its terms will not be given effect unless it too satisfies the Statute of Frauds *(see, Hill v Blake,* 97 NY 216; *Albert Co. v Newtown Cr. Realty Corp.,* 211 App Div 4; *see also, Imperator Realty Corp. v Tull,* 228 NY 447, 454 [Cardozo, J., concurring]).

Here, there is no writing subscribed by defendant embodying, expressly or by reasonable implication, an agreement on defendant's part to remove from the mortgage commitment the condition that plaintiffs sell their existing residence prior to closing on the mortgage *(see,* 61 NY Jur 2d, Statute of Frauds, § 171, at 263-265). We reject plaintiffs' assertion that General Obligations Law § 5-703 was satisfied by an October 1, 1985 writing evidencing nothing more than the fact that the conditions had been revised, with no indication of the nature of the revision, particularly in view of defendant's offer of documentary proof establishing prima facie that the revision concerned conditions other than the one at issue here.

Inasmuch as the Statue of Frauds clearly barred plaintiffs' action, Supreme Court should have granted defendant's motion for summary judgment.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.