■ MICHAEL MICHELI, Individually and as a Partner and/or Shareholder in MICHELI CONTRACTING CORPORATION et al.,

Respondents, v E.J. BUILDERS, INC. et al., Appellants. [659 NYS2d 371] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 8, 1996 in Rensselaer County, which granted plaintiff's motion to disqualify defendants' counsel.

Plaintiff and defendants Elio Micheli and Joseph Micheli are brothers who hold interests in several family-owned corporations, partnerships and businesses (hereinafter the Micheli entities). The principal Micheli entity is Micheli Contracting Corporation, which is engaged in the business of real property site development.

In 1988, Salvatore Clemente obtained approvals to construct townhouses on a subdivision known as Hillcrest in the Town of Colonie, Albany County. Lacking the expertise to develop the infrastructure or construct the townhouses, he entered into an agreement with plaintiff, Elio Micheli, Joseph Micheli and Robert Mitchell, president of Citation Builders, Inc., to form a corporation known as M.C.M. Land Developers, Inc., which would purchase Hillcrest. Pursuant to that agreement Kaydeross Contracting Corporation, a subsidiary of Micheli Contracting, would develop the site, M.C.M. would sell the improved lots to Citation and Citation would, in turn, build the townhouses.

In conjunction therewith, Mitchell requested that his wife, Beverly Mitchell, an attorney with McNamee, Lochner, Titus & Williams, P. C., incorporate M.C.M., which she did. Additionally, Beverly Mitchell thereafter represented M.C.M. in connection with a $1,200,000 loan used to purchase Hillcrest. Not long after the incorporation of M.C.M., Citation encountered financial difficulties and was unable to continue building the townhouses at Hillcrest. After unsuccessfully trying to retain another contractor for the construction of the townhouses, Elio Micheli and Joseph Micheli decided to form defendant E.J. Builders, Inc. for that purpose. At their request Beverly Mitchell formed said corporation, in which Elio Micheli and Joseph Micheli were the sole shareholders. In 1993 Elio Micheli and Joseph Micheli had Beverly Mitchell incorporate defendant Period Classics, Inc., in which they also were the sole shareholders, to construct single-family homes on properties owned by, *inter alia*, Micheli Contracting.

Plaintiff thereafter commenced this action on behalf of the Micheli entities against, among others, his brothers alleging, *inter alia*, that the purposes of E.J. Builders and Period Classics were identical to those of Micheli Contracting, that such entities were formed for the purpose of diverting business op-

portunities rightfully belonging to Micheli Contracting and the other Micheli entities, and that E.J. Builders and Period Classics were capitalized and financed with funds belonging to the Micheli entities, for which plaintiff sought money damages. Shortly after commencement of this action, plaintiff sought to disqualify the McNamee Lochner law firm from representing defendants on the grounds that Beverly Mitchell's prior representation of M.C.M. and her representation of E.J. Builders and Period Classics constituted an impermissible conflict of interest, and, further, that Beverly Mitchell would be a necessary witness at trial. Supreme Court determined that such prior representation was adverse and substantially related to McNamee Lochner's current representation of defendants and granted plaintiff's motion to disqualify the firm. This appeal by defendants ensued.

There must be a reversal. Turning first to plaintiff's claim that certain McNamee Lochner attorneys are necessary witnesses in this litigation, it is evident from the opposing affidavits that the principal attorney in charge of this litigation for McNamee Lochner will not be a witness at trial. It is axiomatic that under such circumstances, disqualification of the entire firm is not warranted (*see, Talvy v American Red Cross,* 205 AD2d 143, 152, *affd* 87 NY2d 826).

With regard to plaintiff's contention that Beverly Mitchell's former representation of M.C.M., certain other Micheli entities, E.J. Builders and Period Classics is adverse and inextricably intertwined with McNamee Lochner's current representation of defendants, we need only note that the affidavits in opposition to the motion to disqualify aver that Beverly Mitchell's only involvement with certain of the Micheli entities was to review and update their corporate books. (It appears that some of the Micheli entities did not have records of certain shareholder and/or director meetings and had failed to issue original stock certificates to the shareholders.) Such work was done at the request of Elio Micheli's accountant in the event of an audit by the Internal Revenue Service. The opposing affidavits further aver that Beverly Mitchell's work in this regard and her incorporation of E.J. Builders and Period Classics constituted nothing more than implementation of decisions previously made by the individuals involved in those transactions and that she did not counsel said individuals in reaching those decisions. It is further asserted that she never acted as general counsel to any of the entities that are the subject of this litigation. Indeed, it is asserted that defendants used other law firms to perform such services.

Under the circumstances, the moving papers, at best, present issues of fact as to whether the matters involved in Beverly Mitchell's prior representations and McNamee Lochner's present representation are substantially related. As these issues can be resolved only upon a plenary hearing (*see, Evyan Perfumes v Hamilton*, 22 Misc 2d 616, 618, *affd* 12 AD2d 593), Supreme Court's decision to grant plaintiff's motion to disqualify McNamee Lochner was premature.

White, Yesawich Jr. and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

Supreme Court properly disqualified McNamee, Lochner, Titus & Williams, P. C. from representing defendants. The party seeking disqualification of an attorney or a law firm must establish the existence of a prior attorney-client relationship and that the former and current representations are both adverse and substantially related (*see, Solow v Grace & Co.*, 83 NY2d 303, 308; *see also*, Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]). Plaintiff satisfied his burden of proof (*cf., Matter of Schachenmayr v Town of N. Elba Bd. of Assessors*, 221 AD2d 884, 886).

It is undisputed that Beverly Mitchell and McNamee Lochner acted as counsel for the Micheli enterprises for many years. It is undisputed that Mitchell, as an attorney with McNamee Lochner, incorporated M.C.M. Land Developers, Inc. in 1987 and provided legal services for the corporation. Mitchell's husband shared an ownership interest in M.C.M. with plaintiff, Salvatore Clemente and defendants Elio Micheli and Joseph Micheli. This corporation was formed to purchase an 89-lot subdivision, known as Hillcrest, in the Town of Colonie, Albany County, from Bonded Concrete, Inc. for development purposes. Mitchell's husband was president of Citation Builders, Inc., the corporation which would purchase the lots and construct townhouses thereon. It is undisputed that Mitchell, on M.C.M.'s behalf, applied for a purchase-money loan. She also provided legal services for M.C.M., including drafting documents in connection with the sale of the Hillcrest lots, reviewing purchase and sales agreements and updating the corporate books. In addition, for several years, Mitchell personally contracted with M.C.M to provide it with legal services. Plaintiff had a 16⅔% ownership interest in M.C.M.

Mitchell acknowledged that while working for McNamee Lochner she updated the corporate records of the Micheli enterprises in each of which plaintiff had an ownership interest. She reviewed loan renewal documents for Green Heights Developers, Inc. and Albany Land Development Corporation

(plaintiff had a 16⅓% ownership interest in each of these corporations). She also represented Country Acres Associates (in which plaintiff had a 33⅓% ownership interest) before the Planning Board of the Town of Pittstown in Rensselaer County. An attorney-client relationship was established by plaintiff between McNamee Lochner and the Micheli enterprises and, later, between Mitchell and the Micheli enterprises.

The representations were unquestionably adverse and inextricably intertwined. It is clear that plaintiff is a shareholder in the Micheli enterprises on whose behalf he brings this action against Elio Micheli and Joseph Micheli, his brothers, for diversion of business and assets to defendant E.J. Builders, Inc. and Period Classics, Inc. by Mitchell for his two brothers. It follows that McNamee Lochner, as counsel for the Micheli enterprises, may not defend against plaintiff's claims.

Plaintiff alleges that via the new corporations, defendants misappropriated funds and corporate business opportunities from the Micheli enterprises. It is apparent that McNamee Lochner formed the new corporations and provided them with a variety of legal services. Mitchell admitted that she represented Elio Micheli and Joseph Micheli, individually, in connection with the purchase of several townhouses in another development project. She stated that part of the consideration for the purchases was an offset against indebtedness owed by that development project to Micheli Contracting Corporation and believed an entry would be made in the corporate books to offset money defendants had previously loaned to Micheli Contracting.

Plaintiff commenced this action on behalf of M.C.M., which McNamee Lochner formed and for which the firm did other legal work, some in a confidential capacity such as updating corporate books and records, and other Micheli enterprises. In addition, plaintiff stated that he intended to call Mitchell as a witness to an illegal fee arrangement involving the Micheli enterprises and the Hillcrest lots. It is undisputed that Mitchell entered an agreement by which she received $4,000 for the sale of each Hillcrest lot. Plaintiff planned to subpoena Mitchell to testify as to this arrangement to determine whether the payments made by the Micheli enterprises were improper and designed to prevent money from reaching Citation's creditors (Mitchell's husband was the president of Citation).

There is evidence that, if an actual conflict of interest did not exist, then at least an appearance of impropriety was present so that McNamee Lochner was properly disqualified from representing defendants in this action (*see, Chang v Chang,*

190 AD2d 311, 319); Code of Professional Responsibility DR 9-101 [22 NYCRR 1200.45]).

I would affirm Supreme Court's order. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.