■ JEFFREY SYMAN, Appellant, v MIREILLE VANDERHEUVAL, Respondent. [672 NYS2d 454] —Peters, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 30, 1997 in Otsego County, which, inter alia, upon reconsideration, granted summary judgment to defendant and dismissed the complaint.

By quitclaim deed dated August 15, 1989, plaintiff conveyed to defendant a parcel of land located in the Town of Worcester, Otsego County. Only plaintiff signed the deed which contained the following clause: "The grantor herein reserves the option to purchase and a right of first refusal for the property herein described, on a first refusal basis, for Seven Thousand and 00/100 ($7,000.00) Dollars purchase price, with a mortgage to be held by the grantor herein for a period not to exceed two (2) years from the date of purchase, the amount paid monthly to be determined at the time it is financed. In the event the grantee receives any offer (including unsolicited offers) to purchase the aforesaid mentioned premises, grantee shall notify grantor in writing by certified mail of the terms and conditions of said offer to purchase, and grantor shall have thirty (30) days in which to meet the terms * * * This option to purchase and right of first refusal shall expire eight (8) years from the date hereof." After defendant expended substantial funds to construct a barn on the parcel, plaintiff sought to repurchase the property pursuant to the aforementioned clause. Upon defendant's refusal, plaintiff commenced this action on November 5, 1995 seeking, *inter alia*, specific performance. Defendant's answer raised several defenses, including unjust enrichment and the Statute of Frauds.

Plaintiff thereafter moved for summary judgment which was initially denied upon Supreme Court's determination that the above-quoted provision in the deed was "invalid as vague and unenforceable". Upon plaintiff's successful application for reargument, Supreme Court adhered to its prior decision denying plaintiff summary judgment yet, upon searching the record, granted summary judgment to defendant. This appeal followed.

Although the Statute of Frauds was not the basis upon which Supreme Court awarded summary judgment, we find that the doctrine supports the dismissal of this complaint. Clearly applicable to land purchase options (*see, Scutti Enters. v Wackerman Guchone Custom Bldrs.*, 153 AD2d 83, 87, *lv denied* 75 NY2d 709) it provides, in pertinent part, that "[a] contract for * * * the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). While it is undisputed that the deed was not signed by defendant, plaintiff contends that the defect can be overcome by a letter written and signed by defendant, dated November 5, 1993, in which she explains to a third party as follows: "I am sending you a detailed list of the money I have invested in the

barn that [plaintiff has] asked me to sell him. I accept [*sic*] to sell him the barn but I feel that is [*sic*] is only ethical to receive the money I spent in [*sic*] it. When we agreed to put $7,000 in the deed as the price to sell the property, we had not started any construction on it".

In our view, this letter is insufficient. While "the requisite memorandum * * * may be pieced together out of several writings, it is imperative that the separate writings together refer to the same subject matter or transaction and unequivocally establish all the essential elements of a contractual relationship * * * such as price, terms, parties and a description of the subject matter" (*Bordeau v Oakley*, 185 AD2d 417, 418). Although the letter contains many of the requisite elements, merely mentioning an unspecified deed relating to an unidentified agreement to sell a parcel of property in the future does not, in our opinion, sufficiently establish an unequivocal reference to the property sold by plaintiff to defendant in 1989 (*see, Conway v Maher*, 185 AD2d 570, 572). Having failed to satisfy the Statute of Frauds, we need not address those issues pertaining to the scope of the subject provision or any defense raised in relation thereto.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.