■ JAMES C. CORNOCK, Appellant, v E.J. MURNIGHAN, Also Known as EUGENE J. MURNIGHAN, Respondent. [727 NYS2d 803] —Mercure, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered August 15, 2000 in Greene County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the first cause of action in the complaint.

It is undisputed that plaintiff contributed the entire purchase price of real property in the Town of Cairo, Greene County, that was deeded to the parties in 1996 as joint tenants with right of survivorship. In this action, plaintiff seeks to reform the deed so as to remove defendant therefrom and, as alternative relief, for partition of the real property. The first cause of action for reformation, which is at issue on this appeal, is predicated on the theory that defendant induced plaintiff to place the property in their joint names by falsely representing that, given the security of home ownership, he would timely seek regular counseling and no longer engage in substance abuse activities. Plaintiff appeals Supreme Court's order granting defendant's motion for summary judgment dismissing the reformation cause of action. We affirm.

Fundamentally, although a written instrument may be reformed where the writing in question was executed under a fraudulently induced unilateral mistake (*see, Cheperuk v Liberty Mut. Fire Ins. Co.*, 263 AD2d 748, 749), "[a]bsent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable on the grounds of fraud" (*Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Thus, even if we were to assume that defendant made the representations alleged in the complaint and that, contrary to those representations, defendant failed to abstain from substance abuse and did not seek counseling, in the absence of evidence that defendant never intended to carry through on his promises—and none was presented on the motions before us—plaintiff cannot make out a prima facie case (*see, id.*, at 1058). We therefore conclude that Supreme Court did not err in granting defendant's motion.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.