■ DIANE PENTONY, Appellant, v ELENA SAXE et al., Respondents. [769 NYS2d 636]—

Mugglin, J. Appeal from an order of the County Court of Greene County (Pulver, Jr., J.), entered June 6, 2002, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

In this action, plaintiff seeks, among other things, to compel specific performance of a purported contract to purchase real property owned by defendants. In June 2001, plaintiff took possession of the property pursuant to an oral month-to-month lease with a monthly rental of $650. Subsequent discussions between plaintiff and one of the defendants resulted in an understanding that the property would be sold to plaintiff with defendants holding a purchase money mortgage. As part of the purported agreement, plaintiff was to earn a portion of the down payment by making improvements to the property and by making four payments of $3,900 every six months. The bargain dissolved when plaintiff failed to make the first lump-sum payment and plaintiff ultimately vacated the premises in the face of an eviction proceeding. When plaintiff learned that the property was to be sold to a third party, this action ensued. County Court granted defendants' motion for summary judgment dismissing the complaint and plaintiff now appeals.

We affirm. General Obligations Law § 5-703 (2) provides, in relevant part, that a contract for the sale of real property is void unless the contract or some note or memorandum thereof expresses the consideration for the transfer, is in writing, and is subscribed by the party to be charged. Further, the purported contract of sale must identify all of the parties to the transaction, express all of the essential terms of the contract and include a sufficient description of the property to readily identify the same (see Wacks v King, 260 AD2d 985, 986 [1999]). This

purported contract was not signed by all of the owners, does not identify the property and fails to express the purchase price and other essential terms of the purported agreement. Consequently, the writing fails to satisfy the requirements of the statute of frauds and is unenforceable.

Plaintiff's attempt to avoid the statute of frauds by claiming that her improvements to the property during her tenancy are "unequivocally referable" to the purchase agreement must fail (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]). Although it is undisputed that plaintiff expended sums to paint, clean and generally maintain the premises after taking occupancy, such conduct is as referable to a tenancy as it is to a sale.

As a final matter, we find no error in the dismissal of plaintiff's fraud claim. To establish such a claim, plaintiff must show the misrepresentation of a material fact, scienter, justifiable reliance and injury or damages (*see Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 840 [2002]). In addition, if the material fact alleged to have been misrepresented is of a promissory nature, plaintiff must further show that, at the time of making the promise, defendant had no intention of keeping it (*see Cornock v Murnighan*, 285 AD2d 874, 874 [2001]). Here, plaintiff's fraud claim depends upon her successfully establishing that defendants had no intention of honoring their promise to credit plaintiff with expenditures made to improve the real property by deducting the cost from the purchase price. Not only has plaintiff failed to produce any evidence to support this claim, the record clearly demonstrates that, but for plaintiff's default in making the first lump-sum payment, defendants intended to keep that promise. Consequently, County Court was correct in denying plaintiff a hearing as no issues of fact exist (*see Micheli v E.J. Bldrs.*, 241 AD2d 610, 613 [1997]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.