■ DONALD ORENSTEIN, Appellant, v IRVIN BRUM et al., Respondents. [811 NYS2d 644]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 30, 2005, dismissing the complaint pursuant to an order which, in an action to recover real estate and mortgage brokerage commissions and/or the reasonable value of plaintiff's services, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendants' motions, while untimely, were properly entertained upon a showing of good cause for the delay (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648, 652 [2004]). It appears that plaintiff made a motion to amend the complaint shortly before the note of issue was filed by a former codefendant; that in their promptly made motion to strike the jury demand in that note of issue, defendants advised that they intended to move for summary judgment once the motion to amend was decided; and that after several months passed without a decision on the motion to amend, defendants wrote a

letter to the court reminding it and plaintiff of their intention to move for summary judgment once the motion to amend was decided. Since defendants could not know precisely what claims they would be moving against until the motion to amend was decided, and absent a response from the court to their stated intention to await its decision on that motion before moving for summary judgment, defendants proceeded reasonably in delaying their motions.

On the merits, there is no evidence that plaintiff generated the chain of circumstances that led to the building's sale; indeed, the writing on which plaintiff relies contemplated conversion of the building to a condominium and the sale of individual apartments, not a sale of the building itself, as occurred. Accordingly, plaintiff is not entitled to a real estate commission (*cf. Buck v Cimino*, 243 AD2d 681, 684 [1997], *lv denied* 91 NY2d 807 [1998]). Nor do issues of fact exist as to whether plaintiff is entitled to a mortgage broker's commission where plaintiff does not claim that he ever obtained a commitment letter (*see Multiloan Mtge. Co. v Asian Gardens*, 303 AD2d 658, 660 [2003]; *Real Estate Economic Resources v Armendariz*, 162 AD2d 303, 304 [1990]). Plaintiff's claims in quantum meruit, which seek precisely the same amounts for precisely the same services alleged in the breach of contract claims, were properly dismissed given the existence of an express contract covering the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). A broker is not entitled to commissions for unsuccessful efforts (*see Thoens v Kennedy Realty Corp.*, 279 App Div 216, 220 [1951], *affd* 304 NY 753 [1952]). Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.