■ ROGER McCORMICK et al., Appellants-Respondents, v DAVID BECHTOL et al., Respondents-Appellants. [891 NYS2d 188]—

Mercure, J.P.

In 1999, plaintiff Marimac, LLC entered into an agreement to purchase real property, including a marina, from defendant James Carter. Plaintiff Roger McCormick, as a member of Marimac, signed the agreement on its behalf. Included in the agreement was a right of first refusal, in which Carter agreed to notify Marimac of any third-party offers to purchase two properties adjoining the parcel purchased by Marimac. The two properties, which are not contiguous and had separate tax identification numbers, consisted of an approximately 15-acre parcel located north of Marimac's property and a six-acre parcel located to the south of Marimac's property. Each of the two parcels is also divided into an easterly and westerly portion by a road, with lakefront property located to the east of the road. The right of first refusal addressed the circumstance under which Carter, after receiving a third-party offer to purchase the westerly portion of the two parcels together, would either transfer or offer to sell the easterly lakefront portion of the two parcels to Marimac.[1] Notably, the right of first refusal did not address the sale of either of the two parcels separately.

Although the purchase agreement was executed in 1999 and Marimac began operating the marina pursuant to an early occupancy agreement, the closing on the property did not occur until 2001. At that time, Carter transferred title to Marimac; the right of first refusal, however, was not referenced in the deed. Nor was the right of first refusal included in an affidavit executed by Carter at the time of closing that specified which representations in the purchase agreement were intended to be

---

1. Specifically, if Carter was able to sell the westerly portion of the two parcels for $350,000 or more, he was to transfer the easterly, lakefront portion of the two parcels to Marimac without consideration. If Carter received an offer of less than $350,000, he was to grant Marimac the option to purchase the easterly portion of the two parcels for an amount computed by subtracting the price that Carter received for the westerly portion of the two parcels from $350,000.

reaffirmed. McCormick, however, recorded an affidavit that was not signed by Carter, indicating that a right of first refusal attached to the sale of the two parcels.

In 2007, Carter sold the entire six-acre parcel—located on both sides of the dividing road and to the south of Marimac's property—to defendants David Bechtol and Catherine Bechtol without first notifying Marimac. Thereafter, plaintiffs commenced this action against the Bechtols—and Carter after he was joined as a party—seeking specific performance, as well as damages arising from Carter's alleged breach of the right of first refusal and the Bechtols' alleged tortious interference with the right. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court concluded that the right of first refusal contained in the purchase agreement did not comply with the statute of frauds and, thus, denied plaintiffs' motion and granted defendants' cross motions. Plaintiffs appeal, and we now affirm.[2]

Plaintiffs argue that Supreme Court erred in concluding that the right of first refusal was unenforceable under the statute of frauds. We disagree.

A right of first refusal "requires [an] owner, when and if he [or she] decides to sell, to offer the property first to the party holding the preemptive right so that he [or she] may meet a third-party offer or buy the property at some other price set by a previously stipulated method" (*Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 163 [1986]; *see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 60-61 [2003]). A right of first refusal is subject to the statute of frauds, which provides that "[a] contract . . . for the sale[ ] of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). Specifically, a writing will not satisfy the statute of frauds unless it "unequivocally estab-

---

**2.** Defendants cross-appeal on the limited ground that Supreme Court erred in rejecting their arguments that they were entitled to summary judgment because Marimac failed to disclose the right of first refusal in its chapter 11 bankruptcy proceeding and any right of first refusal is void pursuant to the doctrine of merger in any event. Inasmuch as defendants were not aggrieved by the court's order, their cross appeals are dismissed (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-546 [1983]; *Matter of Eck v County of Delaware*, 36 AD3d 1180, 1181 n [2007]). Moreover, although defendants' arguments are properly before us as alternative grounds for affirmance, they are academic in light of our decision to affirm and we do not reach the merits of those arguments.

lish[es] all the essential elements of a contractual relationship . . . such as price, terms, parties and a description of the subject matter" (*Syman v Vanderheuval*, 249 AD2d 870, 872 [1998] [internal quotation marks and citation omitted]; *see Pfeil v Cappiello*, 29 AD3d 1187, 1188 [2006]; *Wacks v King*, 260 AD2d 985, 986-987 [1999]).

Here, the agreement set forth a method for calculating the price of the easterly, lakefront portion of both the north and south parcels together in the event that Carter sold the westerly portion of both parcels together. That is, the right of first refusal provides a method of price calculation *only* in the event that both the north and south parcels are sold as one. It provides no indication of the price that Marimac was to pay if Carter received an offer on only one of the two adjoining parcels, or if he sold both the easterly and westerly portions of either parcel. Moreover, while it is settled that the grantor of a right of first refusal cannot defeat the right merely by subdividing a parcel into smaller pieces and conveying only partial interests (*see Colonie Motors v Heritage Corp. of N.Y.*, 61 AD2d 1105, 1107 [1978]; *Sargent v Halsey*, 42 AD2d 375, 379 [1973]), plaintiffs do not dispute that the agreement at issue here permits the sale of only one of the adjoining parcels. Accordingly, we agree with Supreme Court that the right of first refusal is missing an essential term of a complete agreement—the price to be paid for the easterly, lakefront portion of one or both parcels if Carter sold only one of the two adjoining parcels. As such, the agreement is insufficient to satisfy the statute of frauds (*see Pfeil v Cappiello*, 29 AD3d at 1188; *Bright Beginnings Day Care, Inc. v Driftwood Day Camp, Inc.*, 16 AD3d 449 [2005]; *Syman v Vanderheuval*, 249 AD2d at 872; *see also O'Brien v West*, 199 AD2d 369, 371 [1993]; *cf. Wacks v King*, 260 AD2d at 987; *Jill Real Estate v Smyles*, 150 AD2d 640, 641-642 [1989]).

Finally, contrary to their argument, plaintiffs' actions were not sufficient to support invocation of the part performance exception to the statute of frauds (*see* General Obligations Law § 5-703 [4]). Under the part performance doctrine, "it is the conduct of the entity seeking to enforce the oral agreement, and its detrimental reliance on the agreement, that makes proper the invocation of equitable principles" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 236 [1999]; *see Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]). Furthermore, "[t]he doctrine of part performance may be invoked only if plaintiff[s'] actions can be characterized as 'unequivocally referable' to the agreement alleged" (*Anostario v Vicinanzo*, 59 NY2d at 664; *see Gilligan v Rehm*, 34 AD2d 711,

712 [1970], *lv denied* 27 NY2d 485 [1970]). The actions upon which plaintiffs rely—Marimac's occupancy and investment in the premises that they owned—do not resolve the ambiguity created by the absence of a relevant price term and, in any event, cannot form a basis for avoidance of the statute of frauds because they are not unequivocally referable to the agreement (*see Anostario v Vicinanzo*, 59 NY2d at 664; *Venture Mfg. [Singapore] v Matco Group*, 6 AD3d 850, 851 [2004]).

We have considered plaintiffs' remaining arguments and conclude that they are lacking in merit.

Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs to defendants.

Ordered that the cross appeals are dismissed.