■ CR BEST ROAD, LLC, et al., Respondents, v CAMPS MOGEN AVRAHAM, HELLER, STERNBERG, INC., et al., Appellants, et al., Defendant. [960 NYS2d 545]—

Lahtinen, J. Appeal from an order of the Supreme Court (Cahill, J.), entered February 23, 2012 in Sullivan County, which partially granted a motion by defendants Camps Mogen Avraham, Heller, Sternberg, Inc. and Dorothy Berman to partially dismiss the amended complaint against them.

In December 2006, plaintiff CR Best Road, LLC entered into a contract to purchase a vacant parcel owned by defendant Camps Mogen Avraham, Heller, Sternberg, Inc. (hereinafter Camps) in the Town of Bethel, Sullivan County. The contract was allegedly negotiated and signed by defendant Dorothy Berman, president of Camps. CR Best Road assigned its contractual rights to plaintiff CR Ranger Road, LLC, which purchased the property in 2007. The 2006 contract included an easement across Camps' adjacent remaining property to a lake. Under the contract, a right of first refusal on a sale of Camps' adjacent remaining property was granted to plaintiffs Charles S. Ramat and Isaac Khafif. Plaintiffs contend that, without providing notice as required by the right of first refusal, Camps sold its remaining property in 2010 to the County of Sullivan Industrial Development Agency, which allegedly was a "nominal" purchaser that leased the property to defendant Mogenavland, LLC.

Plaintiffs commenced this action alleging breach of contract, breach of an implied duty of good faith and fair dealing, and tortious interference with contractual rights. Relief sought included, among other things, a declaratory judgment and injunctive relief regarding the easement, as well as various monetary damages asserted as to Camps and Berman (hereinafter collectively referred to as defendants). Although Mogenavland served an answer, defendants made a pre-answer motion to partially dismiss the amended complaint. Supreme Court granted the motion only to the extent of dismissing the sixth

and seventh causes of action[1] as to all plaintiffs except CR Ranger Road, and otherwise denied defendants' motion. Defendants appeal.

At this procedural point involving an appeal from a CPLR 3211 motion,[2] a minimal showing of potential merit will avoid dismissal of the action (*see e.g. AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), and we further observe at the outset that the record before us is poorly developed, as both parties have inserted purported facts in their briefs that are not in the record in an effort to supply pertinent information missing from the record. Applying such standard as well as noting the sparse record, we are unpersuaded by defendants' contention that the right of first refusal violated the statute of frauds since it did not adequately set forth the parties or the price (*see generally McCormick v Bechtol*, 68 AD3d 1376, 1378-1379 [2009], *lv denied* 15 NY3d 701 [2010], *cert denied* 562 US —, 131 S Ct 655 [2010]).

Reading the contractual language regarding the right of first refusal in its entirety (*see generally Williams Press v State of New York*, 37 NY2d 434, 440 [1975]), it is apparent that Camps was obligated to notify only Ramat and Khafif (and their attorney) of a potential sale of the remaining property at specific addresses set forth in the contract. The fact that Ramat and Khafif purported to retain, in the contract, the right to further assign the right of first refusal to "their immediate family" or an entity of which they were a principal, did not—as contended by Camps—obligate Camps to notify such unnamed individuals or entities. Once notified, Ramat and Khafif had 30 days to notify Camps that they (or their "permitted assignees") were exercising their right. Such notice had to come from Ramat and Khafif. Thus, the parties who were to receive notice regarding a third-party offer and who could notify Camps that the right of first refusal was being exercised are sufficiently established for purposes of the statute of frauds.

The price was also adequately set forth as "the same terms and conditions as in the third party offer." The fact that Camps

---

**1.** The sixth and seventh causes of action involve separate provisions in a rider to the contract that addressed the use of a camphouse on Camps' property and an agreement regarding the construction of a replacement camphouse. Those causes of action and the issues pertinent thereto are not at issue in this appeal.

**2.** Defendants' notice of motion cites to CPLR 3211 (a) (3), (7) and (10). Since CPLR 3211 (a) (3) and (10) do not apply to defendants' first argument, we consider it under CPLR 3211 (a) (7).

ostensibly elected to bundle the relevant property with other property it owned in other locations does not render this provision violative of the statute of frauds. Just as a "grantor of a right of first refusal cannot defeat the right merely by subdividing a parcel into smaller pieces" (*McCormick v Bechtol*, 68 AD3d at 1379), similar logic prevents a grantor from eliminating the right by bundling property subject to a right of first refusal with other property.

Defendants' remaining arguments—including their challenge to certain alleged damages and fees, their contention that the County of Sullivan Industrial Development Agency is not merely a nominal titleholder as alleged by plaintiffs and their assertion that the second cause of action is duplicative—have been considered and found unavailing in the context of this appeal from a decision on a CPLR 3211 motion.

Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the order is affirmed, with costs.