*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                518282
_____

POST HILL, LLC,

                    Appellant,

           v                              MEMORANDUM  AND  ORDER

E. TETZ & SONS, INC.,

                    Respondent.
_____

Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

                         _____


        Kalter, Kaplan, Zeiger & Forman, Woodbourne (Ivan Kalter of
counsel), for appellant.

        Blustein, Shapiro, Rich & Barone, LLP, Goshen (Gardiner S.
Barone of counsel), for respondent.

                         _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Gilpatric, J.),
entered March 26, 2013 in Sullivan County, which, among other
things, granted defendant's motion to dismiss the complaint.

        Plaintiff arranged to sell a parcel of real property
through an online auction.  Defendant executed and delivered the
bidding package, containing several documents and notices, and
the required down payment to United County Absolute Auctions &
Realty, the auctioneer.  Defendant entered the online bidding and
was ultimately the highest bidder but, after Absolute Auctions
delivered the contract of sale, defendant refused to execute and
return it with the balance of the down payment.  Plaintiff
commenced this action seeking specific performance or,
alternatively, damages for breach of contract.  Defendant moved

to dismiss the complaint based on the statute of frauds. Plaintiff cross-moved to amend the complaint.  Supreme Court granted defendant's motion and denied the cross motion. Plaintiff appeals.

Supreme Court properly dismissed the complaint because no agreement existed which satisfied the statute of frauds.  The statute of frauds provides, as relevant here, that a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]).  To satisfy that statute, the memorandum "must designate all parties, identify and describe the subject matter and state all of the essential terms of a complete agreement" (Conway v Maher, 185 AD2d 570, 572 [1992]; see Regan v Real Source Charities, Inc., 45 AD3d 1156, 1157 [2007]; Pentony v Saxe, 2 AD3d 1076, 1076 [2003]).  The memorandum is not required to be contained in one document; separate "signed and unsigned writings [can] be read together, provided that they clearly refer to the same subject matter or transaction," contain all of the essential terms of a binding contract (Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 55 [1953]; see Syman v Vanderheuval, 249 AD2d 870, 872 [1998]; Grimm v Marine Midland Bank, 117 AD2d 901, 903 [1986]; see also William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 477 [2013]), and the "unsigned writing [was] prepared by the party to be charged" (Matter of West-Herr Ford, Inc. v Tax Appeals Trib. of State of N.Y., 16 AD3d 727, 729 [2005]).  At least one document signed by the party to be charged must "establish[] a contractual relationship between the parties," with the unsigned documents referring on their face to the same transaction (Crabtree v Elizabeth Arden Sales Corp., 305 NY at 56; accord Grimm v Marine Midland Bank, 117 AD2d at 903).

Here, plaintiff asserts that an enforceable contract can be found by piecing together the bidding package documents that were provided to defendant prior to the auction – the real estate agent disclosure form (signed by defendant), auction notice, and terms and conditions for bidding and purchase of real estate at the online auction (signed by defendant) – and the bidding history and contract of sale that were created after the auction.

Defendant did not prepare any of these documents, so the unsigned documents generally cannot be considered as binding on defendant for purposes of constructing a memorandum that would satisfy the statute of frauds (compare Matter of West-Herr Ford, Inc. v Tax Appeals Trib. of State of N.Y., 16 AD3d at 729). Even if we considered all of the proffered documents, the only document that identifies plaintiff as the owner of the property – and, thus, as a party to the contract – is the contract of sale. A blank sample contract of sale was referenced in the terms and conditions and made available on Absolute Auctions's website, but the completed contract of sale was not created until after the auction and was never signed by anyone. Although a writing that includes all of the essential terms of an agreement will not be impaired by the parties' anticipation of the execution of a more formal contract (see Garnot v LaDue, 45 AD3d 1080, 1082 [2007]), here the writings prior to that more formal contract were not complete because they did not include the identity of the selling party. Thus, as the alleged memorandum did not include all of the essential terms of a contract, it was insufficient to satisfy the statute of frauds and the alleged contract is void (see Regan v Real Source Charities, Inc., 45 AD3d at 1157; Pentony v Saxe, 2 AD3d at 1076-1077; Bordeau v Oakley, 185 AD2d 417, 419 [1992]).

Supreme Court properly dismissed the complaint because plaintiff did not provide proof to establish the part performance exception to the statute of frauds. A contract may be enforced, despite failing to comply with the statute of frauds, "in cases of part performance" (General Obligations Law § 5-703 [4]). When analyzing part performance for potential invocation of equitable principles, courts should only consider the actions and detrimental reliance of the party seeking enforcement of the contract (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 236-237 [1999]; McCormick v Bechtol, 68 AD3d 1376, 1379 [2009], lv denied 15 NY3d 701 [2010], cert denied ___ US ___, 131 S Ct 655 [2010]). Additionally, the conduct must be "unequivocally referable" to the alleged agreement (Anostario v Vicinanzo, 59 NY2d 662, 664 [1983] [internal quotation marks omitted]; see McCormick v Bechtol, 68 AD3d at 1379). Plaintiff tries to rely on defendant's conduct, but we must only consider plaintiff's conduct and reliance. Considering that there were other bidders, plaintiff's actions in

proceeding with the auction were not unequivocally referable to a consummated agreement with defendant, but are explainable as one preliminary step toward forming a contract with some bidder in the future (see S.S.I. Invs. v Korea Tungsten Min. Co., 80 AD2d 155, 158-159 [1981], affd 55 NY2d 934 [1982]; see also Pentony v Saxe, 2 AD3d at 1077; Bordeau v Oakley, 185 AD2d at 419).  As plaintiff cannot rely on the doctrine of part performance to avoid the statute of frauds, Supreme Court properly dismissed the complaint.

Based on our holdings above, we need not address the parties' remaining contentions.

Stein, J.P., Garry, Lynch and Devine, JJ., concur.


ENTER:

Robert D. Mayberger
Clerk of the Court