Hopkinson Assoc. LLC v Greenwich Villager Co., L.P. (2021 NY Slip Op 02743)





Hopkinson Assoc. LLC v Greenwich Villager Co., L.P.


2021 NY Slip Op 02743


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 655168/18 Appeal No. 13758 Case No. 2020-03064 

[*1]Hopkinson Associates LLC, Plaintiff-Appellant,
v
Greenwich Villager Company, L.P., Defendant-Respondent.


McLaughlin & Stern, LLP, New York (Alan E. Sash of counsel), for appellant.
Bragar Eagel & Squire, P.C., New York (Raymond A. Bragar of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 24, 2020, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment awarding a brokerage commission plus interest, unanimously affirmed, without costs.
"A broker is not entitled to commissions for unsuccessful efforts" (Orenstein v Brum, 27 AD3d 352, 353 [1st Dept 2006]). For example, "where the buyer and the seller come to an agreement which is conditioned upon the happening of a contingency having no connection with the fault of either, and the contingency (e.g., the grant of a zoning law change or variance) does not come to pass, the broker is not entitled to a commission" (Geller v New England Indus., Inc., 535 F2d 1381, 1385 [2d Cir 1976]; see Brodsky v Gazzola, 183 AD2d 1051, 1052 [3d Dept 1992], lv denied 80 NY2d 758 [1992]). Since the lease and the amended lease provided that if no permit were obtained within a specified period, the lease would be declared null and void, and such contingency was not met, defendant was not obligated to pay plaintiff a brokerage commission. There was no evidence that defendant assumed the risk and owed plaintiff a commission (see O'Hara v Bronx Consumers Ice. Co., 254 NY 210, 213 [1930]). Plaintiff is unable to prove reliance on any promise that defendant would pay it a commission regardless of the lease contingency sufficient to establish reliance, and thus, its claim for quantum meruit was properly dismissed (see Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 484 [1st Dept 1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021