**Can Lan Lu v Elk Mas 86 E. 10th, LLC**

2026 NY Slip Op 30791(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No. 154690/2019

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**
*Justice*

PART 56M

-----------------------------------------------------------------------------X

CAN LAN LU,

Plaintiff,

- v -

ELK MAS 86 EAST 10TH, LLC

Defendant.

-----------------------------------------------------------------------------X

ELK MAS 86 EAST 10TH, LLC,

Third-Party Plaintiff,

-against-

FAÇADE IMPROVEMENT, INC., also known as FAÇADE CONSTRUCTION SERVICES, INC., and FAÇADE CONSTRUCTION SERVICES, INC.,

Third-Party Defendants.

-----------------------------------------------------------------------------X

INDEX NO.            154690/2019

MOTION DATE       03/06/2026

MOTION SEQ. NO.          005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 211, 212, 213, 214, 215, 218, 219

were read on this motion to/for                              RENEWAL                              .

In this action to recover damages for personal injuries arising from a demolition site accident, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6), the third-party defendants move pursuant to CPLR 2221(e) for leave to renew their opposition to the motion of the defendant third-party plaintiff, Elk Mas 86 East 10th, LLC (Elk), for summary judgment on the issue of liability on its third-party cause of action for contractual indemnification (MOT SEQ 003), which had been granted in an order dated July 3, 2025, and to renew their own motion for summary judgment dismissing that cause of action (MOT SEQ 004), which had been denied in that same order. They request that, upon renewal, the court deny Elk's summary judgment motion, grant their summary judgment motion, and permit a continued

154690/2019  LU, CAN LAN vs. ELK MAS 86 EAST 10TH LLC
Motion No.  005

Page 1 of 6

[* 1]

deposition of their president and owner, Huat Beng Khoo, also known as Robert Khoo, to further explain the genesis of the contract containing the subject indemnification clause. Elk opposes the instant motion and the parties' intentions with respect thereto. The instant motion is denied.

Initially, the court notes that, in their notice of motion, which was served and filed on February 23, 2026, the third-party defendants noticed this motion to be heard on March 6, 2026, and demanded that any opposition be served at least seven days before that return date. CPLR 2214(b) provides that

> "[a] notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard. Answering affidavits shall be served at least two days before such time. Answering affidavits and any notice of cross-motion, with supporting papers, if any, shall be served at least seven days before such time if a notice of motion served at least sixteen days before such time so demands; whereupon any reply or responding affidavits shall be served at least one day before such time."

Although the third-party defendants demanded that opposition papers be served at least 7 days prior to March 6, 2026, they did not provide Elk with the 16 days' notice required by CPLR 2214(b), but only provided Elk with 11 days' notice. Since the motion was, however, made on more than the 8 days' notice, which is the minimum notice required by the statute, it was proper that Elk served its opposition papers 2 days prior to the return date.

In the July 3, 2025 order, this court concluded that Elk had established, prima facie, that it had entered into a contract with the third-party defendants, that the contract included a provision pursuant to which the third-party defendants agreed to indemnify Elk to the extent permissible by law, and that the indemnification provision was enforceable inasmuch as the primary claim upon which liability against Elk was grounded was a statutory, strict liability cause of action under Labor Law § 240(1) (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]). The court further concluded that the third-party defendants failed to raise a triable issue of fact in opposition to Elk's showing, which was based, in part, upon the submission of the subject seven-page contract, signed by Khoo on October 28, 2018 on behalf of the third-party defendants, and by Morry Kalimian on October 29, 2018 on behalf of Elk. Elk's submissions

also included portions of the transcript of Khoo's January 22, 2023 deposition testimony, in which he identified and authenticated the contract, as well as his signature thereon.

The third-party defendants now argue that, after the determination of the motions submitted under Motion Sequences 003 and 004, Khoo discovered emails in which a five-page version of the contract, which excluded such a clause, were exchanged. Among other things, those six emails, which were dated between November 13, 2018 and November 15, 2018, forwarded proposed purchase orders and scope-of-work statements, as well as pages 1, 3, 5, and 7 of a proposed contract between Elk and the third-party defendants that was undated and unsigned, and pages 1, 3, 1, and 7 of a proposed contract, dated and signed by Khoo on October 28, 2018, which was not countersigned by anyone on behalf of Elk, along with a proposed purchase order signed only by Khoo. In the affirmation that he submitted in support of the instant motion, Khoo averred that

> "[i]t is obvious when reviewing ELK MAS's five (5) page contract proposal that there is no indemnity provision. I had entered into numerous contract agreements prior to this contract agreement with ELK MAS for work at the Subject Location, and, while I am not an attorney and have no formal legal training or education, based on this and my many years of experience in the construction industry, I do understand what an indemnity provision is and how it operates.
>
> "On November 15, 2018, at 12:17 p.m., I sent email correspondence to Mr. Kalimian and Ms. Perugini, stating 'pls find signed contract, Robert.'
>
> *****
>
> "Attached to my November 15, 2018, email correspondence was a signed copy of the five (5) page contract proposal, back-dated to October 28, 2018, as requested by Mr. Kalimian and Ms. Perugini, titled 'CCF11152018', which I had received from Ms. Perugini the day prior.
>
> *****
>
> "At no point in time, prior to the commencement of the instant litigation, was I ever provided a copy of a contract agreement from ELK MAS that was seven (7) pages in length, or one which contained an indemnity provision. I never signed such an agreement. I never intended to be bound by such an agreement. It was, at the time I received and executed the five (5) page contract agreement, . . . my understanding that FACADE's work for ELK MAS did not require any

**154690/2019  LU, CAN LAN vs. ELK MAS 86 EAST 10TH LLC**                    **Page 3 of 6**
**Motion No.  005**

3 of 6

[* 3]

agreement to indemnify ELK MAS for liability it may face from claims arising from FACADE's work at the Subject Location.

> "Lastly, my attorneys have asked me why I did not raise these emails, or the issue of the five (5) page contract agreement that did not contain an indemnity provision, during my January 2023 deposition. When I gave testimony in this matter, I was never asked about the indemnity provision. Because it was never brought up, I did not offer any testimony about it."

In opposition to the motion, Elk argues that the third-party defendants did not provide a reasonable excuse for failing to include these emails and proposed drafts in opposition to Elk's initial summary judgment motion or in support of their initial summary judgment motion. It further contends that, even were the court to excuse such a late, eve-of-trial submission, it would not alter the outcome, since, at his deposition, Khoo authenticated the seven-page contract containing the indemnification clause, as well as his signature thereon, he has no basis for accusing Elk's principal of forging his signature on that contract, and the unsigned and partially signed contracts submitted on the instant motion are unenforceable in any event.

CPLR 2221(e) provides that

> "A motion for leave to renew:
>
> "1. shall be identified specifically as such;
>
> "2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
>
> "3. shall contain reasonable justification for the failure to present such facts on the prior motion"

(see *Melcher v Apollo Med. Fund Mgt., LLC,* 105 AD3d 15, 23 [1st Dept 2013]; *American Audio Serv. Bur. Inc. v. AT & T Corp.*, 33 AD3d 473, 476 [1st Dept 2006]). "'A renewal motion is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance'" (*Holtz v Blackstone Bldrs. Holding Co., LLC*, 235 AD3d 1207, 1208 [3d Dept 2025], quoting *Matter of Vaughan v New York State Dept. of Transp.*, 223 AD3d 1010, 1012 [3d Dept 2024]; *Queens Unit Venture, LLC v Tyson Ct. Owners Corp.*, 111 AD3d 552, 552 [1st Dept 2013]). As of November 2018, Khoo was already in possession of the emails and attachments

154690/2019  LU, CAN LAN vs. ELK MAS 86 EAST 10TH LLC
Motion No.  005

Page 4 of 6

on which he premises his argument that there are "new facts" that had not been submitted to the court in connection with the earlier motions. Where a party already is in possession of documents that form the basis for a renewal motion, it generally will not be able to establish a reasonable justification for failing to submit them in connection with the initial motion (*see English v Avon Prods., Inc.*, 2020 NY Slip Op 30679[U], *4, 2020 NY Misc LEXIS 1117, *9 [Sup Ct, N.Y. County, Mar. 5, 2020] [Mendez, J.]). Moreover, inasmuch as the issue of the indemnification clause was raised both by Elk in its summary judgment motion, and by the third-party defendants in their summary judgment motion, it strains credibility that, in preparing papers to oppose Elk's motion and to support his companies' motion, Khoo somehow simply forgot to inform his attorneys that these emails and proposed contracts were in existence.

In any event, even if the third-party defendants could have demonstrated a reasonable justification for failing to submit or refer to these emails in connection with the initial summary judgment motions, the existence thereof would not alter the outcome of those motions. Generally, an unsigned contract is unenforceable (*see Plaza Dr. Group of CNY, LLC v Town of Sennett*, 115 AD3d 1165, 1166 [4th Dept 2014]), although "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]; *see Ajche v Park Ave. Plaza Owner, LLC*, 171 AD3d 411, 414 [1st Dept 2019]). The third-party defendants adduced no evidence that Elk intended to be bound by the unsigned, incomplete, five-page proposed contract that excluded any indemnification agreement. In connection with the incomplete contract that Khoo signed and forwarded by email to Elk, "'[a]t least one document signed by the party to be charged must establish a contractual relationship between the parties, with the unsigned documents referring on their face to the same transaction'" (*Solartech Renewables, LLC v Vitti,* 156 AD3d 995, 998 [3d Dept 2017], quoting *Post Hill, LLC v E. Tetz & Sons, Inc.,* 122 AD3d 1126, 1127 [3d Dept 2014] [some internal quotation marks, brackets, and citations omitted]). Inasmuch as the third-party defendants seek to charge Elk with adherence to a

**154690/2019 LU, CAN LAN vs. ELK MAS 86 EAST 10TH LLC**
**Motion No. 005**

**Page 5 of 6**

contract that omitted any mention of an obligation to indemnify Elk, and they cannot establish that anyone from Elk executed such a contract, the proposed five-page contract signed only by Khoo is unenforceable.

"It is axiomatic that statements made by a party in . . . a deposition that are not denied by the party constitute an admission, and that later, conflicting statements containing a different version of the facts are insufficient to defeat summary judgment, as the later version presents only a feigned issue of fact" (*Estate of Mirjani v DeVito*, 135 AD3d 616, 617 [1st Dept 2016]; *see Garzon-Victoria v Okolo*, 116 AD3d 558, 558 [1st Dept 2014]; *Garcia-Martinez v City of New York*, 68 AD3d 428, 429 [1st Dept 2009]).  To the extent that Khoo now avers that he never signed the seven-page contract containing the indemnification clause that he identified and authenticated at his deposition, and that he never intended to do so, the court concludes that he is presenting a feigned issue of fact that is insufficient to defeat Elk's right to summary judgment on its third-party cause of action for contractual indemnification.

Inasmuch as the court is denying renewal, the third-party defendants' request for a continued eve-of-trial deposition of Khoo is denied as academic.

Accordingly, it is,

ORDERED that the third-party defendants' motion for leave to renew is denied.

This constitutes the Decision and Order of the court.

_____3/6/2026_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154690/2019   LU, CAN LAN vs. ELK MAS 86 EAST 10TH LLC**
**Motion No.  005**

**Page 6 of 6**

[* 6]